ELISE MAGNIN et al., Appellants, *v.* WILLIAM B. DINSMORE, President, etc., Respondent.

The rule laid down upon a former appeal in this case reiterated (62 N. Y., 35), to wit.: That, where a carrier, by his contract, limits his liability to a specified amount in case the value of goods delivered for carriage is not stated by the shipper, if goods of greater value are so delivered, silence on the part of the shipper as to the real value, although there is no inquiry by the carrier, and no artifice to conceal the value or to deceive, is a legal fraud, which discharges the carrier from liability for ordinary negligence for an amount exceeding the limitation of the contract.

The disclosure of value, in such case, is a condition precedent to liability on the part of the carrier for mere ordinary negligence unaccompanied with any misfeasance or willful act.

An omission upon the part of the carrier to make inquiry as to the value is not a waiver of the limitation in the contract.

To constitute a conversion of goods by a carrier, there must be a wrongful disposition or withholding thereof; a mere non-delivery will not suffice, nor will a refusal to deliver on demand if the goods have been lost through negligence or have been stolen.

Negligence alone is not misfeasance or an abandonment of the character of carrier, which will deprive him of the benefit of the limitation.

The act which will deprive the carrier of the benefit of a contract for limited liability fairly made, must be an affirmative, but not necessarily an intentional, act of wrong-doing; and the *onus* of proving this is upon the party claiming it.

*Sleat* v. *Flagg* (5 B. & A., 342), *Wilde* v. *Peckford*, (8 M. & W., 443) distinguished.

(Argued June 1, 1877 ; decided September 18, 1877.)

APPEAL from judgment of the General Term of the Superior Court in the city of New York, affirming a judgment in favor of plaintiffs, entered upon a verdict. (Reported below, 8 J. & S., 512.)

This action was brought against the defendant as president of the Adams Express Company to recover the value of a package of watches and watch keys, delivered to that company at New York, consigned to J. E. Merriman & Co., Memphis. The receipt given by the company, after a description of the property, contained this clause : " If the value of the property above described is not stated by the shipper, the holder hereof will not demand of the Adams Express Company a sum exceeding fifty dollars for the loss, or detention of, or damage to, the property aforesaid." No statement of value was made or required at the time of the shipment. The evidence showed that the value of the goods in New York was $1,491.50. Plaintiffs' evidence tended to show that the goods were not delivered to the consignees ; that the box which contained them was found empty about a year after the shipment, at Gowanus, Long Island.

The court charged the jury, among other things: "That in no aspect of the case were the plaintiffs entitled to recover more than fifty dollars and interest," to which plaintiffs' counsel duly excepted. The jury rendered a verdict in favor of plaintiffs for $50 and interest.

*C. Bainbridge Smith*, for the appellants. The burden of proving that the cause of loss was within the exception laid down, and without negligence, was on defendant. (2 Greenl. on Ev., § 219; *Simmons* v. *Law*, 3 Keyes, 217; 4 Abb. Ct. App. Dec., 241, 245; *Guillaume* v. *H. P. Co.*, 42 N. Y., 212; *Steinweg* v. *Erie R. Co.*, 43 id 123; *Hooper* v. *Wells F. Co.*, 27 Cal., 11; Story on Bailm., § 557; *Buinnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184; *Bush* v. *Miller*, 11 Barb., 481; *Blood* v. *Smith*, 9 Wend., 268, 271; *Platt* v. *Hibbard*, 7 Cow., 497, note *a*; *Beardslee* v. *Richards*, 11 Wend., 25; *Curtis* v. *R. & S. R. Co.*, 18 N. Y., 534, 543; *Clark* v. *Spence*, 10 W. & S., 335; *Beckman* v. *Shouse*, 5 Rawl.,

179; *Verner* v. *Schwarg*, 23 Pa. St., 208; *Runyan* v. *Caldwell*, 7 Humph., 134.) The former action of trover would lie against defendant. (*Cass* v. *N. Y. & N. H. R. Co.*, 1 E. D. S., 522; *Stephenson* v. *Hart*, 4 Bing., 476; *Hawkins* v. *Hoffman*, 6 Hill, 586; *McEntee* v. *N. J. St. Co.*, 45 N. Y., 34; *Baily* v. *H. R. R. Co.*, 49 id., 70; Story on Bailmts., § 457; *Platt* v. *Hibbard*, 7 Cow., 500, note *a*.) This was a case of non-performance by the carrier. (*Steat* v. *Fagg*, 5 B. & Ald., 342; *Batson* v. *Donavan*, id., 53.) A carrier is liable for a misdelivery or if he carry the goods beyond the point where they were to be delivered and they are lost. (*Ellis* v. *Turner*, 8 T. R., 531; *Beck* v. *Evans*, 16 East, 244; *Birkett* v. *Willan*, 2 B. & Ald., 356; 5 id., 53; *Stephenson* v. *Hart*, 5 Bing., 476; *Duff* v. *Budd*, 3 B. & B., 177; 7 E. C. L. R., 399.) Where goods intrusted to the care of a carrier are lost through gross negligence he is relieved from liability by a notice limiting his liability, although the shipper omitted to disclose the value of the goods on shipping them. (*Ellis* v. *Turner*, 8 T. R., 531; *Lyon* v. *Wells*, 5 East, 428; *Beck* v. *Evans*, 16 id., 244; *Bodenham* v. *Bennett*, 4 Price, 30; *Smith* v. *Horne*, 8 Taunt., 144; 4 E. C. L. R., 50; *Duff* v. *Budd*, 3 Bro. & B., 177; 7 E. C. L. R., 399; *Lowe* v. *Booth*, 13 Price, 329; *Brooke* v. *Pickwick*, 4 Bing., 218; 13 E. C. L. R., 404; *Bradley* v. *Waterhouse*, 3 C. & P., 318; 14 E. C. L. R., 326; *Riley* v. *Horne*, 5 Bing., 218; 15 E. C. L. R., 423; *Langley* v. *Brown*, 1 M. & P., 583; *Beckford* v. *Crutwell*, 5 C. & P., 242; *Wyld* v. *Pickford*, 8 M. & W., 443; 2 Kent's Com., 607; Edw. on Bailm., 568; Aug. on Car., § 267; *French* v. *Buff. & E. R.*, 4 Keyes, 168; *Collins* v. *Burns*, 63 N. Y., 1; *McEntee* v. *N. J. St. Co.*, 45 id., 34; *Bailey* v. *H. R. R. Co.*, 49 id., 70; *Gleadell* v. *Thompson*, 56 N. Y., 94; *Wescott* v. *Fargo*, 61 id., 542; *Steinweg* v. *Erie R. Co.*, 43 id., 123; *Guillaume* v. *H. & A. P. Co.*, 42 id., 212; *Burnell* v. *N. Y. C. R. Co.*, 45 id., 184; *So. Ex. Co.* v. *Moon*, 39 Miss., 822; *Baker* v. *Bronson*, 9 Rich. [S. C.], 201; *Sager* v. *Ports. R. Co.*, 31·

Me., 228; *Ashmore* v. *Pa. St. T. Co.*, 28 N. J., 181; *Roberts* v. *Riley*, 15 La. An., 103; *Graham* v. *Davis*, 4 Ohio St., 362; *C. & A. R. Co.* v. *Baldauf*, 16 Pa. St., 67; *Orndorff* v. *Adams Ex. Co.*, 3 Bush. [Ky.], 194; *Am. Ex. Co.* v. *Sands*, 55 Penn., 144; *Empire T. Co.* v. *Wamsutta*, 63 id., 14; *R. R. Co.* v. *Wallace*, 17 Wal., 357; *So. Ex. Co.* v. *Newby*, 36 Geo., 635; *Adams Ex. Co.* v. *Haynes*, 42 Ill., 89; *Kallman* v. *U. S. Ex. Co.*, 3 Kans., 205.) The court erred in refusing to submit to the jury the question whether the express company in receiving the package without question did not waive a disclosure of the value by the shipper. (*Bowman* v. *Ag. Ins. Co.*, 59 N. Y., 216; *Riley* v. *Horne*, 5 Bing., 217; *Young* v. *Hunter*, 6 N. Y., 203; *Houston* v. *Wheeler*, 52 id., 641; *Betts* v. *Perine*, 14 Wend., 219.) The burden of proving contributory negligence rested on defendant. (*In. & St. L. R. Co.* v. *Horst*, 3 Wkly. Dig., 22; *Webb* v. *Page*, 6 M. & G., 196; *Syms* v. *Chaplin*, 5 Ad. & El., 634; *Knapp* v. *Salsbury*, 2 Camp., 500.) The complaint was broad enough to recover for any loss for which a common carrier was liable. (*Wyld* v. *Pickford*, 8 M. & W., 443; *Raphael* v. *Pickford*, 5 M. & G., 551.)

*Charles M. Da Costa*, for the respondent. Plaintiffs were not entitled to go to the jury on the question of gross negligence, misfeasance, conversion and abandonment. (*Terry* v. *Waite*, 53 N. Y., 94; *Kamp* v. *Kamp*, 59 id., 221–222; *Gilchrist* v. *B'klyn. Grocers' Mfg. Co.*, id., 499; *Hinton* v. *Dibben*, 2 Q. B. [Ad. & E. N. S.], 646; *Peck* v. *N. S. R. Co.*, 10 H. of L. Cas., 495, 514; *Morritt* v. *N. E. R. Co.*, L. R., 12 B. Div., 302; *Wilson* v. *Bread*, 11 M. & W., 113; *R. R. Co.* v. *Lockwood*, 17 Wal., 382, 383; *Milwaukee R. R.* v. *Arms*, 91 U. S. R., 493–495; *Earnest* v. *Ex. Co.*, 1 Woods, 573, 578, 579.) Plaintiffs could not recover more than fifty dollars, although defendant did not or could not account for the loss of the package. (*Orange Co. Bk.* v. *Brow*, 9 Wend., 85, 86; *Pardee* v. *Drew*, 25 id., 459; *Richards* v. *Westcott*, 2 Bosw., 589, 595; 7 id., 6,

8; *Clay* v. *Willan*, 1 H. Blk., 298; *Yates* v. *Willan*, 2 East., 128; *Izett* v. *Mountain*, 4 id., 371; *Nicholson* v. *Willan*, 5 id., 507; *Batson* v. *Donovan*, 4 B. & Ald., 21; *Gt. No. R. Co.* v. *Shepherd*, 14 E. L. & Eq., 367; *Riley* v. *Horne*, 5 Bing., 217.)

ALLEN, J. This case has been before this court on three distinct appeals prior to the present, and is reported in 53 N. Y., 652; 56 Ib., 168 and 62 Ib., 35. Upon the first appeal no question was decided affecting the merits, or involved in the present appeal. The court below, on reversing the judgment on a verdict for the plaintiff, had, instead of granting a new trial, given final judgment for the defendant which was held erroneous, and it was reversed, and the cause remanded for a new trial. Upon the second appeal this court passed upon the merits of the controversy as then presented, and it was held *per totam curiam*, Judge JOHNSON assigning the reasons, that the clause of the contract limiting the liability of the defendant for property lost to fifty dollars, when the value was not stated by the shipper did not apply to losses occasioned by the negligence of the carrier, and that there was evidence of negligence to carry the case to the jury. For the refusal of the judge to submit that question upon the evidence to the jury, a new trial was granted. (56 N. Y., 168.)

Upon a retrial the judge was requested to charge the jury that the omission of the consignor and shipper to state or disclose the value of the property, was a fraud upon the carriers exempting them from liability in excess of the limitations of the contract. This was refused, but the question whether there was any fraud or concealment, was submitted to the jury. The plaintiffs recovered the full value of the goods. This court, upon appeal, held that the defendants were entitled to the ruling as requested, and a new trial was granted. The decision was unanimous in this court, Judge FOLGER assigning the reasons for the judgment as reported in 62 N. Y., 35. The question made was elaborately argued

by counsel and deliberately considered by the court, and it was adjudged, without dissent, that the silence of the shippers as to the real value of the goods delivered for carriage, although there was no inquiry as to their value by the defendants, and no artifice, to conceal the value, or to deceive, was a fraud which discharged the carriers from liability for ordinary negligence for an amount exceeding fifty dollars, the limitation of the contract. This was the principal question then before us, and the one chiefly considered, and upon which the judgment was reversed. The reasons and the authorities upon which the decision rests are set forth with clearness and force in the reported opinion of Judge FOLGER, and it would be out of place to repeat them, and a work of supererogation to supplement them.

The sharp criticism of the counsel for the appellant upon parts of the argument of Judge FOLGER has not led us to doubt the soundness of the opinion or the correctness of the result. This court did not, as is urged, either "misunderstand or misapply," the law in disposing of the case upon the last appeal. It applied the principles fairly deducible from the cases cited, and the reasons upon which they proceeded, to the undisputed facts, and laid down the rule as enunciated in the report, and that rule is the law of this case, and of all cases within the same principle. There may be a circumstantial difference between cases, and yet both come within the same general principle, and very slight circumstances may so distinguish cases as to bring them within the operation of widely different and almost antagonistic rules of law. The learned counsel has not seemed to appreciate this, and has sought to hinge his case upon isolated remarks of judges, pertinent and forcible in the connection in which they were made, but not touching the case in hand, and upon the general resemblance of some of the cases, in many of the facts to this case, without referring to the material facts which lead to different judgments.

The stringent rule of liability which the common law applies to common carriers is founded upon well-considered reasons of

public policy, but it may be modified and limited by special contract fairly made. The common law is not so unjust or unreasonable as to put the common carrier beyond the pale of law, so that he cannot rely upon the contracts, and good faith of shippers of merchandise with whom he deals. By reason of the extent and stringency of his liability, he could not, except by an express contract, very explicitly creating the exemption, discharge himself from liability, even for ordinary negligence of himself and servants. He is entitled to entire good faith on the part of shippers, and that is all that is required by the decision of this court as reported in 62 N. Y. (*supra.*)

The disclosure of the value of the goods was a condition precedent to the attaching of any liability to the carrier for merely ordinary neglect, unaccompanied with any misfeasance or willful act. What would be ordinary care (that which a man of ordinary prudence would exercise in the safe keeping and carriage of his own property), in caring for a package of small value, might come far short of it, and be grossly negligent in respect of a valuable package of jewelry and watches. The value of the property is intimately connected with the question of negligence, and the degree of care required from the bailee. But the question is not an open question with us in this case. It is not shown that we have misapprehended the facts of this case; mistaken or overlooked any principle of law applicable to it, or any argument or suggestion in behalf of the present appellant. It has been decided, and we see no reason, even if it were permissible in the same case, to recall our decision. There was not within our former ruling any question of fact for the jury on this branch of the case. There was, of course, no waiver of the limitation, for the very good reason that it constituted a part of the contract, made on the very instant, and upon the delivery of the goods to the defendants. As well might it be claimed that a grantee by his silence waived a covenant against incumbrances in a conveyance of lands, because he did not inquire particularly at the time of the consummation of the grant whether there were any.

There was no evidence of a conversion of the goods by the defendants. This court held that the non-delivery of the goods, with the other proof in the case, was evidence of negligence to be submitted to the jury, and that the *onus* was upon the defendants to show that they were lost without the negligence of the carrier or their servants. But an action for a conversion could not be sustained upon such evidence alone. A conversion implies a wrongful act, a mis-delivery, a wrongful disposition, or withholding of the property. A mere non-delivery will not constitute a conversion, nor will a refusal to deliver, on demand, if the goods have been lost through negligence, or have been stolen. (Angell on Carriers, §§ 431–433; *Scovill* v. *Griffith*, 2 Kern., 509; Anon, 4 Esp., 157; *Ross* v. *Johnson*, 5 Burr., 2825.)

It would have been error to charge the jury that they might find a conversion upon the evidence before them, which was merely that the goods had not been delivered to the consignee, and that the box in which they had been delivered to the carrier had been found in the water in or near New York harbor, a year or thereabouts thereafter. The last circumstance did not add to the proof of non-delivery as tending to show in what way the loss had occurred, whether the box had been stolen or had been casually, and by ordinary neglect lost and rifled of its contents, and thrown away. (*Bowlin* v. *Nye*, 10 Cush., 416.) But it is urged that the defendants were guilty of a misfeasance, or of an abandonment of their character as carriers, and therefore liable within *Sleat* v. *Flagg* (5 B. & Ald., 342). The difficulty, however, is that negligence only was proved, and that is not the misfeasance or abandonment of the character of carrier, which deprives the carrier of the benefit of the limitations of the contract. The case quoted, and all the cases recognize the distinction between mere negligence in the performance of duty from which loss ensues, and acts of misfeasance, a wrongful dealing with the property not consistent with or in the course of the performance of duty as a carrier. *Sleat* v. *Flagg* was the case of sending the property by a different

conveyance and route from that directed. A different carrier was substituted from that selected by the shipper, and Chief Justice ABBOTT and his associates distinguish the case from *Batson* v. *Donovan* (4 B. & Ald., 21), upon that ground alone, the latter case being one of loss from neglect, in which it was held that the carrier had not lost the benefit of the limitations upon his liability, etc. And see Angell on Carriers (*supra*). *Wild* v. *Pickford* (8 M. & W., 443), was a case of pleading, the defendant setting up a notice limiting his liability to defeat the action, and the fifth plea was held bad, for the reason, as stated by PARKE, B., that in the construction which the court put upon the terms of the notice on which the goods were received, the plea admitted a conversion by inadvertent delivery which the plea did not excuse, and the carrier was not, by the notice, made irresponsible for every mistake or inadvertent delivery. I do not understand Baron PARKE as questioning *Batson* v. *Donovan*. The *onus* was upon the plaintiff to prove the misfeasance or abandonment of the character of carriers by the defendants, if he hoped to take the case out of the effect of our former decision; and not having done so, that decision is controlling.

It would be a waste of time to go over the long list of cases cited by the counsel for the appellant, and by reviewing them show that, when rightly understood, none of them are inconsistent with the results to which we have arrived. We have examined all of them, and are content to abide by our convictions as already expressed. It would be trifling with contracts deliberately made by shippers, and the decisions of our courts, and saying in effect that they could not, by any contract, limit or restrict their common-law liability to hold that by calling ordinary neglect, from which loss ensues, a "misfeasance" or "an abandonment of the character of carriers" the limitation was nullified, and the full common-law liability established. The act which will deprive the carrier of the benefit of a contract for a limited liability fairly made must be an affirmative act of wrong doing, not merely ordinary neglect in the course of the bailment. It need not

necessarily be intentional wrong doing, but the mere omission of ordinary care in the safe keeping and carriage of the goods is not the misfeasance intended by the authorities.

The judgment must be affirmed.

All concur, except CHURCH, Ch. J., and EARL, J., not voting; RAPALLO, J., absent.

Judgment affirmed.