By the Court.
Van Vorst, J.
Receipts, like the one before us, given by a carrier, on the delivery to him of goods for carriage, and by which the liability of the carrier was limited to a specific sum, in case of the failure by him to deliver the goods to the consignee, have been frequently under consideration in the courts of this state. In several of these cases, the question has been more or *203 less discussed, as to whether the limitation of liability, in the instruments under consideration, embraced the case of a failure to deliver, or a loss occasioned, by the negligence of the carrier.
Under the decisions in this state, a common carrier may stipulate for exemption from liability for losses occurring through his own negligence, or that of his servants (Steers v. Liverpool, New York & Phil. S. S. Co., 57 N.Y. 1; Poucher v. New York Central R. R. Co., 49 lb. 263 ; Magnin v. Dinsmore, 56 Ib. 168). The result of the decisions is, however, that the contract of the carrier, exempting him for loss or injury in the carriage of goods, should not be deemed to include negligence, by any general words, nor unless the contract in clear and explicit form, embraces negligence (Westcott v. Fargo, 61 N. Y. 542). The language and terms of the receipt, issued by the defendant, in this action, on the delivery of goods for carriage, have already had careful consideration, and have had judicial construction.
In Magnin v. Dinsmore (56 N. Y. 168), it was held, that the contract did not include immunity from loss occasioned by the carrier’s negligence. That construction has been at least twice adopted, by the court of appeals, in subsequent decisions. In the same case (62 NY. 39), Folgee, J., says:—“This contract did not, per se, excuse the defendant from liability for a loss arising from its own negligence. Thus we have heretofore held in this case.” And in Mynard v. Syracuse, &c. R. R. Co. (71 N. Y. 180, 185), Church, Oh. J., referred to Magnin’s case (56 N. Y. 168), says: “It was held that the stipulation did not cover a loss accruing through negligence, Johnson, J., in the opinion saying, 1 But the contract will not be deemed to except losses occasioned by the carrier’s negligence unless that be expressly stipulated.’ In each of these cases, the language of the contract was sufficiently broad to include losses occasioned by ordinary or gross negligence, but the doctrine is repeated, that, if the carrier asks for immunity for his wrongful acts, it must be expressed, and *204 that general words will not be deemed to have been intended to reheve him from the consequence of such acts.”
If Belger v. Dinsmore (51 N. Y. 166), in the commission of appeals, cannot be reconciled with the above conclusion, it must be considered as overruled by the later cases in the court of appeals.
After the decision in Magnin v. Dinsmore (56 N. Y. 168), and upon a subsequent trial of that cause, a new element was introduced in the case. The point was taken by the defendant, that the plaintiff had failed, at the time' of the shipment, to state the just and true value of the merchandise. This was held in the end to have been “such an imposition upon the defendant, as would reheve it from habihty for the total value of the goods, unless something more is shown than negligence to carry safely and to deliver promptly ” (Magnin’s case, 62 N. Y. 35, 44). And this view was sustained in the same case (70 N. Y. 410), Allen, J., saying:—“The disclosure of the value of the goods was a condition precedent to the attaching of any habihty of the carrier, for merely ordinary neglect, unaccompanied with any misfeasance or willful act.”
The instrument dehvered by the defendant to the plaintiff in this case, is in substance the same, as that before the court of appeals in Magnin v. Dinsmore. By. the terms of the receipt, the goods, dehvered to be carried, were valued at fifty dollars. The property was not dehvered to the consignee. Upon the trial the plaintiff was allowed to prove the real value, which was considerably in excess of the sum stated in the receipt, and he obtained a verdict for the full amount.
The package was directed to Mrs. J. H. Brinton, 1423 Spruce Street, Philadelphia, Pa.” It was never dehvered to her. The defendant, -upon the plaintiff’s application, after the non-dehvery was brought to its attention, attempted to trace the missing package. The return first made to the plaintiff, was, that the package, or one answering its description, in every particular, had been dehvered at 155 Corinthian Avenue, to Mrs. J. B. Brinton.. *205 Afterwards, however, the defendant’s agent, stated to the plaintiff, that the package delivered at Corinthian Avenue, was not the one shipped by plaintiff, but was a package containing books. The defendant’s agent informed the plaintiff, that they had sent a tracer in every direction, and could not find out when or where the package was delivered. Unless delivered at Corinthian Avenue, the package has not been accounted for. The defendant’s counsel, at the close of the plaintiff’s case, moved to dismiss the complaint upon several grounds, amongst which was, that the failure to perform the contract was not established.
There was sufficient evidence of the non-delivery, at least, to take the case to the jury. That seemed to be the principal question litigated upon the trial. But upon the argument of this appeal, the learned counsel for the defendant admitted that there was a non-delivery. That point, therefore, is out of the case.
At the close of the case, the defendant’s counsel asked the court to charge the jury, that in no event can the recovery of the plaintiff in this action exceed the sum of fifty dollars, and interest from the date of shipment. This motion was properly denied by the judge. The case was in no such condition, that the trial judge could say, that the defendant was free from negligence. That was a question of fact, if, as the defendant’s counsel contended at that time, no non-delivery had been shown.
The court then charged the jury, ‘ ‘ that the failure of the defendants to deliver the goods, unexplained, is evidence of negligence.” • To which the defendant’s counsel then and there excepted, “ on the ground that there was no evidence of a failure to deliver. ” There was certainly evidence that the package had not been delivered to the consignee, In fact, it is now a part of the case, that it was not delivered. That a non-delivery unexplained is evidence of negligence, has been too often held to need authority to support it. It was so held in Canfield v. Balt. & O. R. R. Co. (93 N. Y. 532).
*206 No exception was taken to the submission to the jury of the question of negligence, as affecting the defendant’s liability under the receipt. If the defendant’s counsel intended to raise the question of the carrier’s liability for any degree of negligence, under the receipt, he should have distinctly raised it at the trial, and while the judge was charging the jury.
Nothing was said as to any positive misfeasance, or misdelivery of the package. If it was in the mind of the defendant’s counsel, that the defendant’s liability could only be established by proof of an actual conversion of the merchandise, through a wrong delivery, or other misfeasance, he should have distinctly raised that question at the time.
The trial judge further stated, “I leave to the jury,to determine what the value of the goods is.” The defendant's comisel excepted, on,the ground, “that the contract between the parties fixes the value of the goods.” But that objection is unavailing, if the conclusion reached above, that the carrier is hable for the full value, in case of a loss through his negligence, is correct. The authorities above cited show that the defendant is hable, notwithstanding the limitation in his receipt, for the full value, when the goods committed to him for carriage are lost through his negligence.
No distinct point appears to have been raised on the trial, arising from the fact that the real value of the goods had not been stated by the plaintiff, at the time of the delivery of the goods for carriage, so as to bring the case within Magnin v. Dinsmore (70 N. Y. 410). Had tho defendant claimed, and urged in an effective way, that the omission to state such value, should limit the recovery to fifty dollars, unless an actual conversion had been proven, then the question could have been submitted to the jury, as to whether or not there had been a misdelivery, or other misfeasance. But an examination of the case does not show that any such ground was distinctly taken below. This subject is alluded to for the reason *207 that the defendant’s counsel, in his brief used on this argument, incidentally alludes to the fact that the defendant carrier was deprived of additional freight by the withholding of the real value. A point of that character should have been plainly presented at the trial, and before the case was submitted to the jury, and a ruling thereon had.
The failure of the plaintiff to present a written claim to the defendant, within thirty days of the date of the receipt, is, however, urged as a reason why he should not recover in this action. That point was urged on the trial. But it cannot prevail.
The provision in the contract upon that subject cannot apply to this case. As soon as he was apprised of the loss, the plaintiff called upon the defendant for an explanation. Time was taken by the defendant in searching for, and tracing the package. They supposed that it had been delivered, but in the end stated that it could not be found. When informed of that fact, the plaintiff presented his claim.
Time taken by the defendant in searching for the goods, under the circumstances of this case, in the expectation of finding them, excused the earlier presentation of the plaintiff’s demands (Smith v. Dinsmore, 9 Daly, 188). The judgment and order are affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.