By the Court.
Freedman, J.
In affirming the judgment and order appealed from in this case, we have heretofore held (51 Super. Ct. 196), that for the defendant’s failure to deliver plaintiff’s package as directed, the plaintiff, upon the proceedings had at the trial, was entitled to recover, and that none of the claims advanced by the defendant to defeat a recovery was tenable. To this extent we shall adhere to our former decision.
The only question requiring a re-examination at our hands relates to the right of the plaintiff to recover more than fifty dollars, notwithstanding the fact that the special contract limited the right of recovery to that sum.' This limitation we did not enforce, because we were of the opinion, as was stated by us, that the point in respect to it had not been sufficiently raised to be available to the appellant.
The re-argument which was had, has satisfied us that we overlooked certain exceptions which did raise the point, that the point came properly before us for decision, and that it is our duty to pass upon the merits of it. We have therefore re-examined the whole case, with the view to a proper determination of this additional point.
At the trial the plaintiff, as part of his case, and as the evidence of the contract under which the package was shipped, read in evidence a receipt or bill of lading of the Adams Express Company, which, among other provisions, contained the following, viz: “. . . nor, in any event, shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed.”
The plaintiff had been a customer of the Adams *39 Express Company for many years in Chicago and elsewhere, and between five and six years in the city of New York. He had a book of blank receipts, and it was his custom to fill out a blank receipt whenever he had occasion to ship a package through the express company. He shipped sometimes three or four packages a day, and at least one per week, and upon each shipment prior to the one in question, he tendered a receipt similar to the one in suit to the defendant’s company for signature. He was therefore perfectly acquainted with the terms of these receipts and contracts, and his testimony was : “I would read one and know what it was ; but my man, who has charge of all this business, knows the whole thing.”
The receipt and contract in suit was, .according to the course usually pursued by the plaintiff, filled out in the handwriting of the plaintiff’s clerk, but without a statement concerning the value of the package, and in that condition it was tendered by said clerk to an employee of the express company for signature at the time of the delivery of the package to the company, and signed by said employee without the expression of any value. In addition to all this, it was proved that the express company has a tariff of charges for transportation which is affected by the value of packáges.
Upon a receipt and contract in substance, if not identically, the same, and upon a similar, though not quite as conclusive, state of facts, it was held by this court, on affirming the judgment in Magnin v. Dinsmore (38 N. Y. Super. Ct. 248), that it was properly left to the jury to say whether, in omitting to disclose the true value, the shipper had been guilty of any fraud or concealment. But the court of appeals in 62 JSf. Y. 35, held that this was error. In delivering the unanimous opinion of the court on that occasion, Folger, J., said : “By accepting carriage upon the terms of a limited liability, the shipper indicates his judgment of the degree of the risk and of needed care ; and his silence as to real valuéis the same as an assertion of mean value, thus keeping from the carrier *40 his adequate reward ; and, what is worse, misleading him as to the degree of care and security which he should provide: It is a concealment of an important fact in entering into the bargain to be made, such' a concealment as amounts to a fraud in law upon the carrier ; and where there is no dispute as to the material facts, as there is none in this case, it is a question of law for the court, and not of fact for the jury, I conclude that the defendant is right in its claim, that the question of concealment of value, upon the undisputed facts of the agreement, and of the silence of the plaintiffs, was one of law for the court, and not of fact for the jury ; and that silence only as to value amounted to such an imposition upon the defendant, as would relieve it from a liability for the total value of the goods, unless something more in its conduct is shown than negligence to carry safely and to deliver promptly.”
And on a subsequent appeal taken by the plaintiffs in that case, the court of appeals in 70 N. Y. 410, emphasized and reiterated, what it had before held, as follows : “The question made was elaborately argued by counsel and deliberately considered by the court, and it was adjudged, without dissent, that the silence of the shippers as to the real value of the goods delivered for carriage, although there was no inquiry as to their value by the defendant, and no artifice to conceal the value or to deceive, was a fraud which discharged the carrier from liability for ordinary negligence for an amount exceeding fifty dollars, the limitation of the contract. This was the principal question then before us, and the one chiefly considered, and upon which the judgment was reversed. The reasons and the authorities upon which the decision rests, are set forth with clearness and force in the reported opinion of Judge Folger, and it would be out of place to repeat them and a work of supererogation to supplement them.”
The same question was also thoroughly considered by the supreme court of the United States in Hart v. Penn *41 sylvania R. R. Co. (112 U. S. 331), and the decision of that case is entitled to particular attention when it is recollected that the doctrine of that court is that common carriers cannot exempt themselves from liability for negligence, whilst our court of appeals has settled beyond question the rule in this state to be, that a carrier may so exempt himself. The court said in the Hart case :
“ The hmitation as to value has no tendency to exempt from liability as to negligence. It does not include want of care. It exacts from the carrier the measure of care due to the value agreed on. The carrier is bound to respond in that value for negligence. The compensation for carriage is based on that value. The shipper is estopped from saying that the value is greater. The articles have no greater value for the purposes of the contract of transportation between the parties to that contract. The carrier must respond for negligence up to that value. It is just and reasonable, that such a contract, fairly entered into, and where there is no deceit practiced on the shipper, should be upheld. There is no violation of public policy. On the contrary, it would be unjust and unreasonable, and would be repugnant to the soundest principles of fair dealing, and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss.”
It is claimed by the plaintiff that the case of Hart is distinguishable from the case at bar by reason of the fact that in the former there was a contract mider seal signed by the shipper, while in the latter the shipper signed no paper of any kind. But the distinction becomes immaterial when it is considered that the acceptance of the contract in the latter case is sufficiently binding upon the shipper (Falkman v. Fargo, 35 Super. Ct. 332 ; affi’d, 55 N. Y. 642).
And a comparison between the case of Magnin v. Dinsmore, as decided by the court of appeals, and the case at bar, shows that the former was not, in its facts, quite *42 as strong for the, defendant as the latter is. In the former, the fact of concealment of value was not pleaded ; in the latter it was. So in the present case it was proved that the compensation for carriage was based on the value of the article, and knowledge of this fact of difference in charge was not denied by the plaintiff ; whereas, in the Magnin case, one of the plaintiffs testified, after the defendant had proved this fact, that he did not know of any difference in freight charged by reason of the value of the goods carried.
It thus seems to have been firmly settled that, under a receipt and contract like the one under consideration, with the value of the package undisclosed and unexpressed, the recovery cannot exceed fifty dollars, notwithstanding the carrier’s negligence, unless there was, as was said in Magnin v. Dinsmore (70 N. Y. 410), a conversion or misfeasance by the carrier involving not only a wrongful, but also a willful act. A mere non-delivery will not constitute such a conversion or misfeasance, nor will a refusal to deliver on demand, if the goods have been lost through negligence or have been stolen.
The case, as made by the plaintiff in respect of the package in controversy, both by the complaint and the proof given at the trial, resolved itself into one of nondelivery without any explanation. This was prima facie evidence of negligence in the defendant (Canfield v. Balt. & Ohio R. R. Co., 93 N. Y. 532), but no more. There was no evidence, and under the complaint none would have been admissible, which would have authorized the submission of the question to the jury whether the defendant’s company had been guilty of a wrongful and willful act beyond mere negligence ; and in the absence of such evidence the defendant had an absolute right, under the authorities, to have the jury instructed that the recovery of the plaintiff in this action could in no event exceed the sum of fifty dollars and interest thereon from the date of shipment.
The refusal so to instruct the jury therefore constituted *43 error, and for such error a new trial should be ordered (see Thomas v. N. Y. Life Ins. Co., recently decided by the court of appeals), unless the parties by stipulation should obviate the necessity.
The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event, unless both parties by stipulation consent to a reduction of the judgment to the proper amount.
Sedgwick, Ch. J., and Van Vorst, J., concurred.