RAWLEY WILLIAMS, Respondent, *v.* DELAWARE AND HUD-
SON CANAL COMPANY, Appellant.

*Supreme Court, Third Department, General Term, July 6, 1889.*

*Carriers. Liability.*—Where there was ample time for plaintiff, after
notification that the goods were in the defendant's warehouse, to re-
move them before their destruction by fire, no recovery on the ground
of conversion can be had, though the defendant, previous to such
notification, mistakenly informed the plaintiff, on his calling for the
goods, that they had not come; and where such notice was sent by
mail to plaintiff, it is immaterial whether he received it or not.

*Edwin Young,* for appellant.

*William H. McCall,* for respondent.

LEARNED, P. J.—The plaintiff's complaint alleges that on
the 15th of July, he shipped goods at Schenectady by de-
fendant, to be carried to Saratoga Springs; that, while in
defendant's custody the goods were burned, and that the
fire originated through defendant's carelessness.

The case does not seem to have been settled, and is not
stated to contain all the evidence. We have, therefore,
before us, only the questions of law.

The proof shows that plaintiff shipped the goods at Buf-
falo the 30th of June, directed to himself at Saratoga
Springs; that they arrived July 5th, were placed in the
warehouse, and were burned August 25th; that during that
time they had been ready for delivery; that defendant sent
several postal cards through the mail to plaintiff—July 6th
and August 11th—which were not returned; that they sent
to Buffalo to inquire after the consignor, and found that

consignor and consignee were identical; that they could not find plaintiff in the directory, and inquired of residents of Saratoga Springs, and could not find him.

In fact, plaintiff lived at Niagara Falls, and came June 30th from Buffalo to Saratoga Springs.

Plaintiff says that he called on defendants for his goods, and was told that they had not come. His cross-examination fixes the times as July 15th and July 19th.

No evidence is given as to carelessness of defendant in respect to the fire, and none of its origin. The warehouse seems to have burned.

We see no evidence that defendant was liable for any act as common carrier, unless such liability can be based on the alleged statement to plaintiff July 15th and 19th, that the goods had not come, and that they would notify him of the arrival by card. But the evidence given by Barnes on defendant's behalf is, that he did notify plaintiff on the 11th of August. So that the defendant, on the plaintiff's own statement, had done what it had agreed.

The plaintiff in his points insists that by refusing to deliver the property, the defendant became guilty of conversion. But no such cause of action is alleged in the complaint; none such was submitted to the jury.

There is no evidence of a refusal to deliver. If, according to plaintiff's testimony on his direct examination, he asked for these goods on the 2d of July, they had not then arrived. Whether they had arrived at the time when, according to his direct examination he made the second call, is not clear. While if he called at the times stated in his cross-examination, the defendant had then already notified him by mail of the arrival. Plainly there was nothing which could be called a conversion. Magnin *v.* Dinsmore, 70 N. Y. 417.

But there is a further consideration. Taking the plaintiff's testimony, he says he was at defendant's office the last Thursday of July, the 29th. Defendant sent him a postal the 11th of August. There was abundant time for him to

have removed his goods before August 25th, when they were destroyed. Therefore, even if defendant did tell him, on the 29th of July, that the goods had not come, they corrected that mistake in time. And his neglect thereafter was his own fault. If he did not receive the postal card, that was not defendant's fault. They had done everything in their power to notify him, and they had been unable to find him.

We do not think it necessary to decide whether the language of the release applies to a loss by fire after defendant's obligation as a common carrier had ceased, and it was only a warehouseman.

For the reasons above given, we think the plaintiff failed to make out a cause of action.

Judgment reversed, new trial granted, costs to abide event.

LANDON and INGALLS, JJ., concur.