### CLEMENT *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Fifth Department.    April 11, 1890.)*

1. CARRIERS—FAILURE TO DELIVER GOODS—CONVERSION.

The refusal of a common carrier to deliver to the consignee goods which reached their destination in good order proves a conversion; and it is no defense to an action therefor against the carrier that by mistake it delivered the goods to a third person, and that it offered to deliver to the consignee other goods of equal value.

**2. TENDER—AFTER SUIT BROUGHT—CASUAL INJURY.**

　　An action for such conversion is not one to recover "damages for a casual or involuntary injury to property," within the meaning of Code Civil Proc. N. Y. § 731, authorizing the defendant in such an action, at any time before trial, to tender such a sum of money as he conceives to be sufficient to make amends for the injury, together with the costs up to that time.

　　Appeal from circuit court, Niagara county.

　　Action by Thomas Clement against the New York Central & Hudson River Railroad Company. There was verdict and judgment for plaintiff, and defendant appeals. Section 731 provides that "where the complaint demands judgment for a sum of money only, and the action is brought * * * to recover damages for a casual or involuntary personal injury, or a like injury to property, the defendant or his attorney may at any time before the trial tender to the plaintiff or his attorney such a sum of money as he conceives to be sufficient to make amends for the injury, or to pay the plaintiff's demand, together with the costs of the action up to that time."

　　Argued before DWIGHT, P. J., and MACOMBER, J.

　　E. M. Ashley, for appellant. Richard Crowley, for respondent.

　　MACOMBER, J. This action was brought to recover the value of 160 barrels, belonging to the plaintiff, which were shipped from Georgetown, D. C., to him at Lockport, N. Y. The cargo arrived in Lockport safely, but, instead of being delivered to the plaintiff, it was delivered by the defendant's agents to other parties. The answer avers that such delivery was made to other persons than the plaintiff through mistake, and that other barrels of equal value were offered to be delivered to the plaintiff, which offer was refused by him. It also sets up a tender to the plaintiff of the sum of $176 before action, and a deposit of the same since the action was brought, with notice of such deposit. It also puts in issue the value of the barrels as alleged in the complaint.

　　The defense has no merits except upon the question of the value of the property. It is contended by the learned counsel for the appellant that there was no proof of such value, except the general proof of the value of other car-loads of barrels sold at about the same time. This point, however, overlooks the important evidence in the case of the plaintiff, on his cross-examination, where he says that the particular car-load of barrels in question was worth $1.20 a barrel.

　　It is further contended that the action for conversion of property cannot be maintained against this defendant, because the loss of the barrels was through the involuntary mistake or negligence of the defendant. The conversion of property, however, is abundantly established by the fact that the defendant, as a common carrier, received it in good order at its place of destination, properly consigned to the plaintiff, and, on demand of the delivery of the same, refused to deliver it. These facts constitute a conversion of property. The case of Magnin v. Dinsmore, 70 N. Y. 410, is not applicable to the facts here disclosed.

　　It is further argued that the question of wrongful and intentional delivery to a third party should have been submitted to the jury. But the answer is a complete refutation of this proposition, because it alleges affirmatively the receipt by the defendant, at Lockport, of 160 barrels, and the delivery of them by their agents to Densmore Bros., and not to the plaintiff. It is true that the answer seeks to elude responsibility on the ground that such delivery was an inadvertence and a mistake; but the law governing common carriers does not permit any such evasion of responsibility. It was the duty of the defendant either to deliver this identical property, so received by it, in good order at its destination, or to pay its full value. The tender made by the defendant is not warranted by section 731 of the Code of Civil Procedure. The action was not to recover "damages for a casual or involuntary injury to property."

　　The judgment and order appealed from should be affirmed.