By the Court.—Curtis, Ch. J.
When this case was last before the court of appeals (62 N. Y. 35, 46), it was held that in consequence of a concealment by the plaintiff of the true value of the goods, the defendants were relieved from liability for a loss occurring from ordinary negligence ; but the court expressly declined to hold that this exoneration extended to the defendant where his acts, or those of his servants, have amounted to misfeasance or abandonment of his character as carrier.
When the cause was next tried, in November, 1875, *18 the court charged the jury in effect that if the loss occurred through gross negligence, or misfeasance, or by reason of abandonment, or of a conversion of the property by the defendant, that the defendant must be held liable. This was held to be error by the general term, and the judgment in plaintiff’s favor upon the verdict rendered under this instruction was reversed. Each of the two learned judges who heard the appeal concurred in this result, though not for the same reasons.
The impression still exists with me, that in view of the discovery of the rifled package in the harbor after its delivery to the defendant, and the absolute silence of the defendant in respect to it, either by way of explanation or accounting for it, this instruction to the jury was right, and that there was evidence sufficient to warrant the submission of the question to the jury. This impression is strengthened by the views expressed and the adjudications referred to in the decision of Fairfax v. New York Central & Hudson River R. R. Co., recently made by the court of appeals, and not yet reported.
The case now comes up on the appeal of the plaintiff from the judgment rendered on the verdict for $50 and interest at the special term, in pursuance of the decision of the general term granting the last new trial. Guided by this decision of the general term, it would seem that this judgment should be afiirmed; but as the plaintiff also moves that in case of such affirmance he may have leave t@ appeal to the court of appeals, there should be such leave given him, as the case appears to be one entitling him to it under the provisions of chapter 322 of Laws of 1874.