Speir, J. (concurring).
The court of appeals (62 N. Y. 35) held that silence alone, on the part of the shipper, as to the real value of the goods contained in the package, amounts to a fraud in law, which dis *19 charges the carrier from ordinary negligence. It did not hold, as I understand the opinion, that the carrier would be thus relieved from liability where his acts, or those of his servants, amount to a misfeasance or abandonment. The point was suggested, but the case did not call for a decision upon it, as there was no evidence in the record before the court of misfeasance or abandonment.
The two subsequent trials were had upon the same record which was before the court of appeals, without further or other evidence. On the first trial, the jury found a general verdict for the full value of the goods, which was set aside by the general term. On the second, the verdict was rendered in obedience to the decision of the court of appeals. There appears to be nothing left for this general term but to follow the decision of that court.
I am of the opinion, therefore, that the litigation must be deemed to be ended and finally disposed of by the court of last resort. The point seems to be doubted, and I agree with my learned associate that leave be given to the plaintiff to appeal.