## I. & G. N. R. R. Co. v. T. W. CALDWELL.

### (No. 5893.)

APPEAL from Hays County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

W. O. HUTCHINSON and THOS. H. FRANKLIN, counsel
for appellant.

O. T. BROWN, counsel for appellee.

§ **439.** *Measure of damage for live-stock killed or in-
jured in transportation may be fixed by stipulation in
contract of shipment; case stated.*   Appellee sued to re-
cover of appellant $700 damages for injury to horses

shipped by him over appellant's railway from San Marcos, Texas, to East St. Louis, Missouri, alleging that said injuries were caused by negligence of appellant's agents, etc. He recovered judgment for $559.25 and costs.

In the contract of shipment the following stipulation appears: "The said second party further agrees, for the consideration aforesaid, that in case of total loss of any of his said stock, from any cause for which the said first party will be liable to pay for the same, the actual cash value at the time and place of shipment, but in no case to exceed $100 per head, shall be taken and deemed as a full compensation therefor; and in case of injury or partial loss the amount of damages claimed shall not exceed the same proportion." On the trial of the case appellant insisted upon said stipulation as controlling the measure of damage, and requested a special instruction directing the jury to estimate the damages in accordance with said stipulation. The court refused said special instruction, and upon the measure of damage charged in substance that, if the injury to the stock was caused by the negligence of appellant's agents, etc., they would find for the plaintiff the actual cash value at East St. Louis of such of the horses as were lost, at the time when said horses should have reached said city; and for such as were damaged the difference between their cash value in good condition and the condition in which they reached East St. Louis. But if the evidence did not show that the injury to the horses was caused by the negligence of appellant's agents, etc., then they would find the damages according to the measure fixed by said stipulation. *Held:* The court erred in charging as it did, and in refusing the instruction requested by appellant. This court has held that such a stipulation as the one quoted, in a contract of interstate shipment, is a reasonable limitation of the common-law liability of the carrier, and is valid and binding. [2 App. C. C. §§ 432, 579.] But these decisions do not reach the precise question involved in this case, which is whether or not such a stipulation is

valid and binding and of controlling force where the damage claimed is caused by the *negligence* of the carrier. This question has not been adjudicated by this court, or by the supreme court of this state, but it has been passed upon by the supreme court of the United States, and by the courts of last resort of some of the states, and the decisions are conflicting. In the opinion of this court the weight of authority is that such a stipulation controls the measure of damage, even where the damage results from the negligence of the carrier. In support of this view, see Hart v. R. R. Co. 112 U. S. 331; R. R. Co. v. Henlein, 56 Ala. 368; Harvey v. R. R. Co. 74 Mo. 538; Magnin v. Dinsmore, 62 N. Y. 35; R. R. Co. v. Lesser, 46 Ark. 236; R'y Co. v. Weakly (Ark.), 8 S. W. Rep. 134.

January 30, 1889.        Reversed and remanded.