CORNELIA KANE RATHBONE, as Executrix, etc., Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

A condition in a shipping bill that the carrier will not be responsible for loss of property of the kind receipted for, unless with the property when delivered for transportation was also delivered a memorandum in writing, stating the character and kind of articles and their value, or that such property will only be taken at the owner's risk, does not relieve the carrier from liability for his own negligent acts.

Where, however, the property delivered for transportation is of unusual and extraordinary value, a condition that the carrier will not be responsible for loss, if the true character and value of the articles are not stated and extra freight paid, will operate to exempt the carrier from liability even for his own negligence, unless he was informed when or before the goods were received that they were of such special and unusual value.

In an action to recover damages for injuries to a piece of statuary, delivered by R., plaintiff's testator, to defendant for transportation, it appeared that the shipping bill simply described the property as two boxes of marble, contents and value unknown. The bill contained a condition to the effect that no statuary would be carried by defendant for the loss of which it would be liable, unless a memorandum was delivered stating the character and kind of articles and their value, unless a proper extra price for the carriage and responsibility was paid. R.'s agents and servants informed defendant at the time of the shipment that the boxes contained marble statuary, and this was marked upon the boxes, also the words "Handle with care." R. employed a well-known art dealer to make the shipment, who had been engaged for twenty-seven years in shipping valuable works of art over defendant's road, and this shipment was made in the usual manner. It appeared, also, that R. acted in good faith, and there was no actual concealment on his part or his agents of the character of the property. The statuary was found to be broken on delivery to the consignee, and the evidence tended to show that the injury occurred *en route* and was caused by the negligence of defendant. *Held,* that a nonsuit was error; that if defend-

ant was fully and truly informed as to the character of the property, and accepted it without requiring a written memorandum or extra compensation, it might be deemed to have waived other and further observance of the conditions; and that plaintiff was entitled to a submission to the jury of the questions of waiver, of fraudulent concealment and of defendant's negligence.

(Argued October 23, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 23, 1893, which affirmed a judgment in favor of defendant entered upon an order of the Albany County Court granting a motion for a nonsuit.

This action was brought to recover damages for the alleged negligence of defendant, causing the breaking *en route* of a piece of statuary delivered to it for transportation from Albany to the city of New York.

The facts, as far as material, are stated in the opinion.

*J. Newton Fiero* for appellant. The contract of carriage was not such as would exempt the defendant from liability for losses occurring through its own negligence. Such a contract will not be deemed to exempt losses occasioned by the carrier's negligence, unless that be expressly stipulated. (*Magnin* v. *Dinsmore*, 56 N. Y. 168; *Brewer* v. *N. Y., L. E., etc., Co.*, 124 id. 62; *Jennings* v. *G. T. R. R. Co.*, 127 id. 450.) It was a question of fact for the jury as to whether or not there was fraud upon the part of plaintiff. (*G. M. Co.* v. *Fargo*, 3 J. & S. 439; *Baldwin* v. *L., etc., S. S. Co.*, 74 N. Y. 131; *Orndorff* v. *A. E. Co.*, 3 Bush, 194; *Boskowitz* v. *A. E. Co.*, 5 Cent. L. J. 58; *S. E. Co.* v. *Crook*, 44 Ala. 468; *Dwight* v. *Brewster*, 1 Pick. 50.) Under the facts as they appear, the agent of the defendant waived any other or fuller information than was given him. (*Woodruff* v. *L. F. Ins. Co.*, 83 N. Y. 133; *Bowman* v. *A. Ins. Co.*, 59 id. 521; *Haas* v. *M. F. Ins. Co.*, 49 Hun, 272; *Winkfield* v. *Packington*, 2 C. & P. 599; *S. E. Co.* v. *Newby*, 36 Ga. 635; *Kemper* v. *S. E. Co.*, 22 La. Ann. 158; *Wilson* v. *Freeman*, 3 Camp, 527.)

*Hamilton Harris* for respondent. The plaintiff was properly nonsuited. The contract was clear and explicit, and the conditions contained in it were precedent to the attaching of any liability to the carrier for ordinary negligence, and were not complied with. (*Magnin* v. *Dinsmore,* 70 N. Y. 410; *Riley* v. *Horne,* 5 Bing. 217; *O. C. Bank* v. *Brown,* 9 Wend. 86; *Hart* v. *P. R. R. Co.,* 112 U. S. 331; *Zimmer* v. *N. Y. C. & H. R. R. R. Co.,* 137 N. Y. 463; *Kenny* v. *N. Y. C. & H. R. R. R. Co.,* 125 id. 425.) The plaintiff's request to go to the jury was properly denied. (*Magnin* v. *Dinsmore,* 70 N. Y. 416.)

MAYNARD, J. The defendant as a common carrier undertook to transport for the plaintiff's testator from Albany to New York two boxes of marble, which in fact contained a piece of statuary called the "Flight from Pompeii" of the value of $2,500. One box contained the pedestal and the other the figure, and when delivered to the consignee the figure was found to be broken; and we think there is sufficient evidence in the record to have required the trial court to have submitted to the jury the question whether the injury was not caused en route by the negligence of the defendant's employees. Exemption from liability for negligence is claimed, however, on the ground that the shipping receipt provided that the property was to be transported upon conditions indorsed thereon which were to form a part of the contract of carriage. One of these conditions was that no statuary would be carried for the loss of which the defendant would be responsible unless with it, when delivered, there was also delivered a memorandum in writing stating the character and kind of articles and their value, unless a proper extra price for the carriage and responsibility for such articles was paid. Another condition was that marble would only be taken at the owner's risk of fracture or injury during transportation and the loading and unloading thereof, unless specially agreed to the contrary. It is well settled that these stipulations in the contract will not be construed to relieve the carrier from

liability for his own negligent acts.   His duty and obligation
to exercise a proper degree of care of the property while in
his custody is not affected by them.   Full and sufficient scope
is given to their operation when it is held that they exempt
the carrier from his common-law responsibility as an insurer
of the property.   It is not reasonable to suppose that the
parties intended to contract that a bailee for hire might with
impunity be careless and remiss in the discharge of the trust
reposed in him.   If such a result is intended it must be so
stated expressly and unequivocally in the contract.   General
words are not sufficient.   (*Magnin* v. *Dinsmore*, 56 N. Y.
168; *Minard* v. *Syracuse, B. & N. Y. R. R. Co.*, 71 id.
180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 id. 370;
*Jennings* v. *G. T. R. Co.*, 127 id. 438.)

Notwithstanding the contract of shipment in this case
defendant's liability for negligence in the handling and trans-
portation of the property remained unimpaired, unless there
is some other ground upon which exemption can be predicated.
Where the property transported is of unusual or extraordi-
nary value a notice such as is contained in this shipping receipt
that the carrier will not be responsible for loss if the true
character or value of the articles are not stated at the time of
shipment, unless extra freight is paid, will operate to exempt
the carrier from liability even for his own negligence, unless
he is informed when or before the goods are received that
they are of special or unusual value.   (*Magnin* v. *Dinsmore*,
62 N. Y. 35; 70 id. 410.)   In all such cases good faith on the
part of the shipper is required, and his silence at the time of
shipment is such a fraudulent concealment from the carrier of
a material fact affecting his liability as to exempt him from
his obligation to transport with due care.   If the carrier
omitted to give notice to the shipper that he would not be
responsible for loss, unless the true character and value of the
goods were stated, the latter might safely remain silent.   He
is not bound to speak unless notice of non-liability on the part
of the bailee, in case he remains silent, is given.   In the *Dins-
more* case, there was a clause in the shipping receipt that, if

the value was not stated, the holder of the receipt would not demand more than $50 for the loss or detention of or damage to the property, and this court held, Judge FOLGER delivering the opinion, that the contract did not *per se* excuse the defendant from liability for a loss arising from its negligence, following the decision upon a former appeal in the same case (56 N. Y. 168). But this court also held that where the carrier has thus given notice that it would not be liable, if the value was not disclosed, the obligation was cast upon the shipper to make the disclosure, and if he was silent and there was nothing in the form, dimensions and general appearance of the package containing the goods to indicate their value, it was such a fraud upon the carrier as to relieve him from liability beyond the stipulated amount. It was held that in such cases the carrier had the right to insist upon information with reference to the kind and value of the property as a condition precedent to his liability for negligence for two reasons : 1st, that he might bestow a degree of care commensurate with the risk assumed ; and 2d, that he might exact a greater reward for its transportation. If this information is withheld, he is manifestly misled and deceived to his prejudice. He presumably omits the care which he would otherwise give, and he loses the additional compensation to which he is justly entitled. This rule was reiterated upon a subsequent appeal in the same case (70 N. Y. 410), and if the defendant has brought itself within the field of exemption which this rule outlines, the trial court correctly non-suited the plaintiff.

But from the record now here, it appears that some information was given by the plaintiff's agents and servants to the carrier at the time of shipment that the boxes contained marble statuary, and hence had a special value, which would entitle the defendant to increased compensation for carriage, if it saw fit to exact it. The only description in the shipping receipt was that of two boxes of marble, contents and value unknown ; but the box containing the statue was marked, according to one witness, either " marble statuary " or " marble figure," or " statuary," " handle with care, this side up,"

and, according to another witness, "statuary" or "fine stat-
uary," "handle with care" or "handle with great care."
When the truckman delivered the box to the defendant for
transportation he was asked, either by the agent who received
it and gave him the shipping receipt, or by an employee in his
presence, "What have you here," and he replied: "It is a
marble statue; you want to handle it carefully." After this
statement the defendant's servants took the box from the truck,
and its agent signed and delivered to the truckman the ship-
ping receipt. It also appears that the plaintiff employed a
well-known art dealer of Albany to make the shipment, and
that he had been engaged in shipping valuable works of art
over the defendant's road for twenty-seven years, and that this
shipment was made in the usual manner. It is apparent that
the plaintiff's testator acted in good faith. There was no
actual concealment on the part of himself or his agents of the
character of the property offered for shipment. The defend-
ant knew that it was statuary which it was undertaking to
carry. It knew that as a work of art it presumably had a
special value greatly in excess of the value of the same quan-
tity of unwrought marble. It was thus admonished that a
greater degree of care would be required in handling and
transporting it; and a general knowledge of its value was
obtained from which it could insist, if it chose, upon the pay-
ment of an extra price for its carriage. It is true that the
condition in the shipping receipt required a memorandum in
writing to be delivered by the shipper, stating the kind and
value of the article, but this was a condition which the defend-
ant could waive; and when it was fully and truly informed as
to the character of the property, and that it belonged to the
class described in the condition, and it accepted it with-
out insisting upon the written memorandum, it may be deemed
to have waived a further observance of its terms. If, when
the defendant was notified that the box contained a piece of
statuary, it was not willing to assume a carrier's liability for
its safe transportation without additional compensation, it
should then have demanded it. The law insists that under

such circumstances both parties shall act in good faith. The shipper must deal honestly by the carrier, and the latter must not, by his conduct, induce the former to believe that a literal compliance with the condition will not be required.

We think the plaintiff was entitled to a submission of the cause to the jury upon the questions of waiver, of fraudulent concealment, and of the defendant's negligence, and the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except FINCH, J., not voting.

Judgment reversed.