The defendant as a common carrier undertook to transport for the plaintiff's testator from Albany to New York two boxes of marble, which in fact contained a piece of statuary called the "Flight from Pompeii" of the value of $2,500. One box contained the pedestal and the other the figure, and when delivered to the consignee the figure was found to be broken; and we think there is sufficient evidence in the record to have required the trial court to have submitted to the jury the question whether the injury was not caused en route by the negligence of the defendant's employees. Exemption from liability for negligence is claimed, however, on the ground that the shipping receipt provided that the property was to be transported upon conditions indorsed thereon which were to form a part of the contract of carriage. One of these conditions was that no statuary would be carried for the loss of which the defendant would be responsible unless with it, when delivered, there was also delivered a memorandum in writing stating the character and kind of articles and their value, unless a proper extra price for the carriage and responsibility for such articles was paid. Another condition was that marble would only be taken at the owner's risk of fracture or injury during transportation and the loading and unloading thereof, unless specially agreed to the contrary. It is well settled that these stipulations in the contract will not be construed to relieve the carrier from *Page 51 
liability for his own negligent acts. His duty and obligation to exercise a proper degree of care of the property while in his custody is not affected by them. Full and sufficient scope is given to their operation when it is held that they exempt the carrier from his common-law responsibility as an insurer of the property. It is not reasonable to suppose that the parties intended to contract that a bailee for hire might with impunity be careless and remiss in the discharge of the trust reposed in him. If such a result is intended it must be so stated expressly and unequivocally in the contract. General words are not sufficient. (Magnin v. Dinsmore, 56 N.Y. 168; Minard v.Syracuse, B. N.Y.R.R. Co., 71 id. 180; Nicholas v. N.Y.C. H.R.R.R. Co., 89 id. 370; Jennings v. G.T.R. Co.,
127 id. 438.)
Notwithstanding the contract of shipment in this case defendant's liability for negligence in the handling and transportation of the property remained unimpaired, unless there is some other ground upon which exemption can be predicated. Where the property transported is of unusual or extraordinary value a notice such as is contained in this shipping receipt that the carrier will not be responsible for loss if the true character or value of the articles are not stated at the time of shipment, unless extra freight is paid, will operate to exempt the carrier from liability even for his own negligence, unless he is informed when or before the goods are received that they are of special or unusual value. (Magnin v. Dinsmore, 62 N.Y. 35; 70 id. 410.) In all such cases good faith on the part of the shipper is required, and his silence at the time of shipment is such a fraudulent concealment from the carrier of a material fact affecting his liability as to exempt him from his obligation to transport with due care. If the carrier omitted to give notice to the shipper that he would not be responsible for loss, unless the true character and value of the goods were stated, the latter might safely remain silent. He is not bound to speak unless notice of non-liability on the part of the bailee, in case he remains silent, is given. In the Dinsmore case, there was a clause in the shipping receipt that, if *Page 52 
the value was not stated, the holder of the receipt would not demand more than $50 for the loss or detention of or damage to the property, and this court held, Judge FOLGER delivering the opinion, that the contract did not per se excuse the defendant from liability for a loss arising from its negligence, following the decision upon a former appeal in the same case (56 N.Y. 168). But this court also held that where the carrier has thus given notice that it would not be liable, if the value was not disclosed, the obligation was cast upon the shipper to make the disclosure, and if he was silent and there was nothing in the form, dimensions and general appearance of the package containing the goods to indicate their value, it was such a fraud upon the carrier as to relieve him from liability beyond the stipulated amount. It was held that in such cases the carrier had the right to insist upon information with reference to the kind and value of the property as a condition precedent to his liability for negligence for two reasons: 1st, that he might bestow a degree of care commensurate with the risk assumed; and 2d, that he might exact a greater reward for its transportation. If this information is withheld, he is manifestly misled and deceived to his prejudice. He presumably omits the care which he would otherwise give, and he loses the additional compensation to which he is justly entitled. This rule was reiterated upon a subsequent appeal in the same case (70 N.Y. 410), and if the defendant has brought itself within the field of exemption which this rule outlines, the trial court correctly non-suited the plaintiff.
But from the record now here, it appears that some information was given by the plaintiff's agents and servants to the carrier at the time of shipment that the boxes contained marble statuary, and hence had a special value, which would entitle the defendant to increased compensation for carriage, if it saw fit to exact it. The only description in the shipping receipt was that of two boxes of marble, contents and value unknown; but the box containing the statue was marked, according to one witness, either "marble statuary" or "marble figure," or "statuary," "handle with care, this side up," *Page 53 
and, according to another witness, "statuary" or "fine statuary," "handle with care" or "handle with great care." When the truckman delivered the box to the defendant for transportation he was asked, either by the agent who received it and gave him the shipping receipt, or by an employee in his presence, "What have you here," and he replied: "It is a marble statue; you want to handle it carefully." After this statement the defendant's servants took the box from the truck, and its agent signed and delivered to the truckman the shipping receipt. It also appears that the plaintiff employed a well-known art dealer of Albany to make the shipment, and that he had been engaged in shipping valuable works of art over the defendant's road for twenty-seven years, and that this shipment was made in the usual manner. It is apparent that the plaintiff's testator acted in good faith. There was no actual concealment on the part of himself or his agents of the character of the property offered for shipment. The defendant knew that it was statuary which it was undertaking to carry. It knew that as a work of art it presumably had a special value greatly in excess of the value of the same quantity of unwrought marble. It was thus admonished that a greater degree of care would be required in handling and transporting it; and a general knowledge of its value was obtained from which it could insist, if it chose, upon the payment of an extra price for its carriage. It is true that the condition in the shipping receipt required a memorandum in writing to be delivered by the shipper, stating the kind and value of the article, but this was a condition which the defendant could waive; and when it was fully and truly informed as to the character of the property, and that it belonged to the class described in the condition, and it accepted it without insisting upon the written memorandum, it may be deemed to have waived a further observance of its terms. If, when the defendant was notified that the box contained a piece of statuary, it was not willing to assume a carrier's liability for its safe transportation without additional compensation, it should then have demanded it. The law insists that under *Page 54 
such circumstances both parties shall act in good faith. The shipper must deal honestly by the carrier, and the latter must not, by his conduct, induce the former to believe that a literal compliance with the condition will not be required.
We think the plaintiff was entitled to a submission of the cause to the jury upon the questions of waiver, of fraudulent concealment, and of the defendant's negligence, and the judgment must be reversed and a new trial granted, with costs to abide the event.
All concur, except FINCH, J., not voting.
Judgment reversed.