EDWARD ROWAN, Respondent, *v.* WELLS, FARGO & COMPANY, Appellant.

*Express company — liability of, for a package of gold foil destroyed by fire while in transit — duty to examine the ruins of the burned car — clause in the receipt therefor that the company shall not be liable unless it be " specially insured and so noted," nor for an amount exceeding fifty dollars " unless its true value is herein stated," construed.*

Where an express company accepts for transportation a package of gold foil and gives a receipt therefor, providing that it shall "not be held liable * * * for any loss or damage by * * * fire unless specially insured and so noted herein," the express company is not liable to the shipper for the value of the gold foil in the event of its destruction by fire, while being transported in one of the express company's cars, unless the shipper proves that the fire occurred because of some negligence on the part of the express company. '

Where it appears that the package of gold foil was sealed when it was delivered to the express company, and that the nature of its contents was asked by the express company, but not given, the failure of the express company to search in the ruins of the burned car for the contents of the package does not constitute negligence on its part.

Where the receipt issued by the express company provides that it shall not be liable " for an amount exceeding Fifty dollars on any shipment unless its true value is herein stated," and the value of the package is not given by the shipper, and if it had been, an additional charge would have been made for its transportation, and special care would have been exercised for its safe keeping, the express company is not liable in excess of fifty dollars, unless the shipper proves some affirmative act of wrongdoing on its part; proof of mere ordinary neglect is not sufficient.

APPEAL by the defendant, Wells, Fargo & Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of May, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*William Lloyd Kitchel,* for the appellant.

*J. Delahunty,* for the respondent.

MCLAUGHLIN, J.:

On the 20th of November, 1894, the plaintiff delivered to the defendant, an express company, for transportation from New York

to San Francisco, a package containing twelve ounces of gold foil of the value of $300. The package was sealed and its contents asked by, but not given to, the defendant. The charge paid for transportation was $1.15, for which a receipt was given, which contained a provision to the effect that the defendant undertook to forward the package upon certain conditions — one of which was that it should " not be held liable  *  *  *  for any loss or damage by fire  *  *  *  unless specially insured and so noted herein," or that it should not be liable " for an amount exceeding Fifty dollars on any shipment unless its true value is herein stated." The package was not delivered, and subsequently this action was brought by the plaintiff, as assignee, to recover the value thereof.

The answer denied liability and alleged, as an affirmative defense, among others, that the package, without fault or negligence on the part of the defendant, was destroyed by fire, and as a separate defense that in no event could the defendant be held liable in an amount exceeding fifty dollars.

At the trial the plaintiff offered proof of the delivery of the package to the defendant, its non-delivery in San Francisco, its value, and then rested. The defendant then offered proof — to which no objection was made by the plaintiff — to the effect that the package in question, after it was delivered to the defendant, was shipped in a sealed car, which arrived at Chicago on the twenty-second of November, and it was then transferred to car No. 811, on a train of the Atchison, Topeka and Santa Fe Railroad Company, which was under the charge of defendant's messenger Brail, and that that car, with its contents, while en route between Romeo and Joliet, in the State of Illinois, was destroyed by fire. Proof was also offered to the effect that if the value of the package had been given, ninety cents more would have been charged for transportation, which would have constituted the insurance upon it, and if insurance had been paid, the package would have been put in a safe and handled in the money department, each messenger being required to take a receipt from the one from whom the package was received. The plaintiff had a verdict for the amount claimed, and from the judgment entered thereon defendant has appealed.

The respondent contends that it is unnecessary to examine the errors alleged by the appellant, inasmuch as there was no competent

proof offered at the trial from which a finding could be made that the package was ever shipped by the defendant or destroyed by fire. Upon this point, however, it appears that the defendant's witness Hickey testified that he was a general agent of the defendant at the New York depot; that the parcel in question passed through the New York depot and was forwarded from there in a sealed car to Chicago, and arrived there at one A. M. on the twenty-second of November; and the witness Brail testified, in answer to certain interrogatories, that on the twenty-second of November he made a trip from Chicago to Streeter, Ill., as a messenger helper; that he had charge of car No. 811, which contained goods billed direct from New York to San Francisco; that these goods were taken from a car which arrived direct from New York over the Erie railroad; that the contents of said car No. 811, with the exception of three boxes and one bicycle — none of which were addressed to plaintiff's assignor — were destroyed by fire between Romeo and Joliet. Certain correspondence between the parties was also put in evidence, in which the defendant stated that according to its best belief the package was lost by fire, and the plaintiff himself testified at the trial that he had heard the package was burned in the express car and he had no doubt about it. Taking this evidence all together — in connection with the fact that no objection was made to its admission — and that the trial proceeded and was submitted to the jury upon the theory (to which the plaintiff did not object) that the package was shipped and destroyed by fire — we are of the opinion that the respondent cannot now question that fact. If he desired to raise that question, it should have been raised at the trial. No such question having been raised, there was sufficient evidence to go to the jury upon that question.

This brings us to a consideration of the merits of the appeal. The principal question presented is this — can the defendant be held liable for the destruction of the package, under the facts stated, in the absence of proof that the fire occurred by reason of some negligence on the part of the defendant? No evidence was offered to the effect that the defendant was in any way responsible for the fire; on the contrary, it affirmatively appears that as soon as the fire was discovered every reasonable effort was made to extinguish it and

to save the contents of the car. The conditions upon which the package was received, as indicated by the receipt delivered, relieved the defendant from liability for loss by fire, and constituted it only a bailee for hire. A bailee for hire can only be made liable for loss of goods by fire upon proof that such loss was due to his negligence. The fact that a fire occurred, which destroyed the package, did not, in and of itself, prove that the defendant was negligent, nor did a presumption arise that the fire was due to any lack of care on the part of the defendant.

In this respect the case is much like *Lamb* v. *Camden & Amboy R. R. & T. Co.* (46 N. Y. 271). There certain cotton was destroyed by fire and the bill of lading contained a provision with reference to destruction by fire similar to the receipt under consideration. The defendant proved that the cotton was destroyed by fire while in a shed on one of its wharves, and the question presented was whether this provision in the bill of lading constituted a defense or whether the defendant was bound to go a step further and show that the fire did not occur by reason of its negligence. The court held that " to entitle the plaintiff to recover he was bound to prove that the fire which consumed the cotton resulted from the negligence of the defendant," and having failed in doing that, no recovery could be had. This case was followed by *Whitworth* v. *Erie R. Co.* (87 N. Y. 413), the court there saying : " The bills of lading contain a general exemption from liability for loss by fire, and the loss having occurred from this cause it was incumbent on the plaintiff, in order to avoid the effect of the exemption, to show that the fire was the result of the defendant's negligence, or that the loss resulted from some breach of the defendant's duty. The burden was upon the plaintiff to show facts taking the case out of the operation of the exemption clause. * * * Accidental fires, occurring without negligence, are frequent. The occurrence of a fire does not alone justify the inference of negligence. In the absence of all explanation of the origin of the fire, or of evidence tending to show that it was in the power of the defendant to have made such explanation, or that by the exercise of reasonable care the fire would not have occurred, no presumption of negligence was raised so as to justify the submission of the question to the jury." And to the same effect are *Stewart* v. *Stone* (127 N. Y. 500) and

*Liberty Insurance Co.* v. *Central Vermont R. R. Co.* (19 App. Div. 509).

The question as to whether the plaintiff could recover without proving negligence on the part of the defendant was squarely presented by defendant's exception to the following instruction given to the jury, viz. : " The defendants* herein having admitted the receipt of the goods, it involved upon them* to show that the loss occurred through no negligence or fault upon its part, and this burden rested upon it." This was clearly erroneous under the decisions hereinbefore cited. In *Lamb* v. *Camden & Amboy R. R. & T. Co.* (*supra*) a similar charge was held bad, the court saying : " The idea plainly conveyed to the jury was that they should find for the plaintiff unless satisfied from the evidence that the fire was not the result of the defendant's negligence, thus leaving them to find for the plaintiff, if unable to determine whether the fire so resulted or not, while the instruction should have been to find for the defendant unless they found from all the evidence that the fire was the result of the negligence of the defendant."

The court also erred in refusing to charge, at defendant's request : " If the shipper did not disclose to the defendant the fact that the package contained gold, it was not negligence upon the part of the defendant if it made no search of the ruins of the burnt car for the contents of the package." When the package was delivered no intimation whatever was made to the defendant that it contained gold. How, under such circumstances, can it be said that the defendant was negligent because it did not search in the ruins after the fire for the purpose of finding the gold ? Would a person of ordinary judgment and prudence have done that ? What reason had it to expect that there was gold in the ruins ? None whatever. Then why should it make a search ? Clearly negligence could not be predicated on defendant's omission in this respect.

The appellant also contends that the court erred in refusing to charge, at its request, that the recovery should in any event be limited to the sum of fifty dollars. We think, under the facts presented, the jury should have been so instructed. If the true value had been given a higher charge would have been made and the defend-

---

\* *Sic*

ant would have forwarded the package in a safe, under the care of a special messenger. In *Magnin* v. *Dinsmore* (62 N. Y. 35) a package containing watches was shipped and a receipt was taken by the shipper which was, in substance, in the same form as the one here under consideration. The value of the package there was asked, but not given, and the evidence showed that a greater rate would have been charged had the true value been stated and it would have gone through the money department in a safe. The evidence established negligence on defendant's part, and there was no proof of fraudulent concealment of the value of the package by the plaintiffs except their silence. The defendant requested the court to charge that the plaintiffs were limited to a recovery of fifty dollars, which was refused, and on appeal this was held to be error, the court saying : " I conclude that the defendant is right in its claim that the question of concealment of value, upon the undisputed facts of the agreement and of the silence of the plaintiffs, was one of law for the court and not of fact for the jury ; and that silence only as to value amounted to such an imposition upon the defendant as would relieve it from a liability for the total value of the goods, unless something more in its conduct is shown than negligence to carry safely and to deliver promptly." (See, also, *Magnin* v. *Dinsmore*, 70 N. Y. 410 ; *Rathbone* v. *N. Y. C. & H. R. R. R. Co.*, 140 id. 48, and *Bermel* v. *New York, N. H. & H. R. R. Co.*, 62 App. Div. 389.) Before the defendant could be held liable in excess of fifty dollars the plaintiff was obligated to prove some affirmative act of wrongdoing on the part of the defendant, and this it did not do. Mere ordinary neglect was not sufficient.

It follows, therefore, for the errors thus committed, the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.