GEORGE E. SMITH, Respondent, *against* WILLIAM B. DINSMORE, AS PRESIDENT OF ADAMS EXPRESS COMPANY, Appellants.

(Decided April 5th, 1880.)

The defendants undertook to carry for the plaintiff certain parcels, and also to collect from the consignees upon delivery to them the sums indorsed upon the bills of lading, each of which was marked C. O. D. The bills of lading contained a stipulation that "in no event should the Adams Express Company," the defendants, "be liable for any loss or damage unless the claim therefor should be presented to them in writing at their office within 30 days after the date of the bill of lading in a statement to which the receipt given to the shipper should be annexed ;" and a further stipulation in these words : "if any sum of money besides the charge for transportation is to be collected from the consignee on delivery of the above described property, and the same is not paid within 30 days from the date of the bill of lading, the shipper agrees that this company may return said property to him at the expiration of that time, subject to the conditions of this receipt, and that he will pay the charges for transportation both ways, and that the liability of this company for such property while in its possession for the purpose of making such collection shall be

---

Smith *v.* Dinsmore.

that of warehousemen only." The defendants failed to collect the amounts due on the parcels, and did not return them to the plaintiff. *Held,* that the plaintiff was not restricted to 30 days, but was entitled to a reasonable time in which to present his claim against the defendants for their default.

APPEAL from a judgment of the district court in the city of New York for the first judicial district.

The action was brought to recover the value of goods delivered by the plaintiff to the defendants as carriers, and wh ch the defendants had not delivered to the consignees nor returned to the plaintiff. The facts are stated in the opinion. Upon the trial in the district court, the justice rendered judgment for the plaintiff. From the judgment the defendants appealed to this court.

*Blatchford, Seward, Griswold & Da Costa,* for appellants.

*A. C. & M. H. Ellis,* for respondent.

CHARLES P. DALY, Chief Justice.—Where there is a total default on the part of the carrier, to deliver the goods, and upon demand, he neither delivers them, nor accounts for his failure to do so, an action will lie for a conversion, if brought within six years from the time of the demand, which was the case here (*Platt* v. *Hibbard,* 7 Cow. 500; *Anon.,* Salk. 655; *Claflin* v. *Meyer,* 75 N. Y. 263; *Boughton* v. *Flint,* 74 N. Y. 481, 482; *Roberts* v. *Berdell,* 52 N. Y. 644).

The defendants agreed, not only to carry the respective parcels delivered to them by the plaintiff, for that purpose, but also, to collect for the plaintiff, from the consignees of the packages, upon the delivery of them, the sums indorsed upon the bills of lading; each of the bills of lading having on it the letters C. O. D., which are equivalent to the words " collect on delivery," and as familiarly understood between the parties to such agreements, mean that the carrier will collect on the delivery of the package, from the consignee, for the consignor, the sum specified in the bill of lading.

Smith *v.* Dinsmore.

It was provided, in the bill of lading, that " in no event should the Adams Express Company," the defendants, " be liable for any loss or damage, unless the claim therefor should be presented to them, in writing, at their office, within thirty days after the date of the bill of lading, in a statement to which the receipt given to the shipper should be annexed." If this stipulation applies to this case, it was a condition precedent to the defendants' liability; and unless complied with, there could be no recovery against the defendants, by the shipper, for loss or damage, from their failure to deliver the packages. A claim in writing, with the receipt, was presented by the plaintiff to the defendants, at their office, after he was advised of the failure to deliver the packages; but he was unable to testify that it was presented within thirty days from the dates of the bills of lading—the utmost that he was able to swear to being, that it was some time between fifteen and sixty days from the date of the bills of lading, which did not amount to proof of the performance of the condition. It is claimed that, as the defendants made no objection when the claim was presented at their office, that it was not presented within the time stipulated, and then, and from time to time afterwards, promised that they would trace the packages, that they waived this condition; in support of which, two authorities are cited, which are insurance cases: *Greenfield* v. *Massachusetts, &c. Ins. Co.,* 47 N. Y. 430; *Bumstead* v. *Dividend Mutual Ins. Co.,* 12 N. Y. 81. The rule applied in these cases, however, has no application to a case like this. Where preliminary proofs are presented to an insurance company, and they are insufficient in form, or for any other defect or omission, the company is bound to make the objection when the proofs are presented; because, if the defect is then called to the attention of the insured, the opportunity is afforded to him to supply it; and an insurance company, in such a case, is not allowed, when an action is brought against it to recover upon the policy, to evade its liability, by reason of defects in the preliminary proofs, which good faith on its part required that it should have called to the attention of the insured when proofs were presented, as the defects

Smith *v.* Dinsmore.

might have been supplied. But if the party is obliged to present his claim for loss within a certain time, and he wholly fails to do so, there is a total failure of the condition, which cannot be obviated or supplied by any subsequent act on his part. There is no reason, therefore, why the carrier should object, when the claim is presented, that it was not presented within the stipulated time; and there is no waiver of the condition on his part, by promising, as the defendants did here, to try and find the packages, and re-deliver them to the plaintiff, if they could.

The agreement, in this case, however, was not merely for the carriage and delivery of the packages; but also to collect, for the plaintiff, the price of the goods, before their delivery; which might involve a delay that would not arise in an ordinary agreement for carriage, where the article can be delivered to the consignee, at once and unconditionally, upon its reaching its place of destination; and this being the case, the defendants had a further stipulation in the bill of lading, which, I think, qualifies, in such a case, the preceding condition that the claim of loss must be presented within thirty days from the date of the bill of lading, and that, in no event, if this is not done, will the defendant be liable for loss or damage. The further and last stipulation, in the bill of lading, is in these words: "If any sum of money, besides the charge for transportation, is to be collected from the consignee on delivery of the above described property, and the same is not paid within thirty days from the date of the bill of lading, the shipper agrees that this company may return said property to him, at the expiration of that time, subject to the conditions of this receipt; and that he will pay the charges for transportation, both ways; and that the liability of this company, for such property, while in its possession, *for the purpose of making such collection,* shall be that of warehousemen only." This provision recognizes that it may not be in the power of the company to collect the price of the goods, when they offer upon their arrival to deliver them to the consignee, and contemplates that they may be kept by the defendants for the purpose of collecting the price, until the expiration of thirty

days from the time of the date of the bill of lading, which is the very time within which, by the previous stipulation, the shipper is bound to present his claim in writing, for loss or damage, at the office of the company. As the property, therefore, may be retained by the defendants, under their liability, simply as warehousemen, for the purpose of collecting what is to be paid upon the packages, by the consignee, before the delivery of the parcels, the shipper has a right, in such C. O. D. agreements, to await until the expiration of the thirty days, as it may be that before that time the consignee will pay the carrier what is to be paid upon the parcel, and take it. The reasonable construction, therefore, is—taking both stipulations together—that the first one does not, and was not intended to apply to the case of a C. O. D. delivery, as the package is to be, or may be, detained by the defendants not as carriers but under the responsibility of warehousemen only, until the expiration of thirty days from the date of the bill of lading, when the goods are to be returned by the defendants to the shipper, he paying the costs of their transportation and re-transportation. The utmost, in my judgment, that could be required under this last stipulation therefore is, that the defendants should be advised within a reasonable time, that the shipper has a claim for the non-delivery of the packages, and failure to collect what was due upon their delivery, or to return them to the shipper, after the thirty days had expired, so that the defendants may have the opportunity of tracing the packages, finding them, if they can, and either delivering them to the consignee, or re-delivering them to the shipper; and, as the claim was made at least within sixty days from the time of the shipment, it was, I think, within a reasonable time, under the circumstances.

The averment, in the complaint, is that the defendants have failed to comply with the terms of the contract; that they has not paid to the plaintiff the amounts that they agreed to collect, nor returned the goods. That a demand of the value of the goods, or the return of them to the plaintiff, was made, and that the defendants refused and still refuse to comply with

the demand, to the plaintiff's damage, &c., &c., which, upon the demand and refusal averred, is an action for conversion.

When the shipment was made, the plaintiff was in partnership with another person. The partnership has been dissolved, and the claim was assigned to the plaintiff by his partner for the nominal consideration of $1. Oral proof was given of the assignment, and was admissible, as the plaintiff showed satisfactorily, that the instrument of assignment had been lost or mislaid, and that he had been unable to find it, after a reasonable search.

The judgment should be affirmed.

J. F. DALY, and VAN HOESEN, JJ., concurred.

Judgment affirmed.