Hirschberg *et al.* agt. Dinsmore.

---

## N. Y. COMMON PLEAS.

GUSTAV HIRSCHBERG *et al.*, agt. WILLIAM B. DINSMORE, as president of the Adams Express Company.

*Common carriers — Their liability for non-delivery of goods — Condition in receipt that claims for loss should be presented within thirty days—Effect of.*

In an action against a common carrier for conversion, a clause in a shipping receipt containing the condition that "in no event shall the company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing within thirty days after the date of receipt," is available to the carrier, and the presentation of claims for loss within the time specified is a condition precedent to the recovery, and unless complied with, the action against the carrier cannot be sustained.

*General Term, March,* 1884.

APPEAL from judgment of justice of first district court in favor of defendant. The action was for "damages for non-delivery of goods." The facts shown were: On November 4, 1882, at Newark, N. J., one Mercy delivered to defendant's

Hirschberg *et al.* agt. Dinsmore.

express company a package to be shipped to plaintiffs, at New York, and received a receipt which contained the condition that in no event should the company be liable for any loss or damage, unless the claim therefor should be presented to them in writing within thirty days after the date of the receipt, in a statement, to which the receipt should be annexed, that the package was not delivered to the plaintiffs, but, through error, was delivered to some person unknown; that no claim whatever was made on the company within thirty days, but a claim was made some months afterwards, at which time the delivery book of the company (which would show to whom the package had been delivered) had been lost.

*C. Moritz*, for plaintiffs and appellants.

*Blatchford, Seward, Griswold & Dacosta*, for defendant and respondent.

J. F. DALY, *J.* — There was some discussion on the appeal as to whether this action was for breach of contract of the carrier or for conversion, and whether if for conversion the carrier could avail itself of the condition in the contract, providing that the claim for loss must be made within thirty days. The demand, as stated in the return, was for " damages for non-delivery of goods."

In *Maginn* agt. *Dinsmore* (70 *N. Y.*, 410–17) it was said that a mere non-delivery will not constitute a conversion; and it would seem that the plaintiffs' action is, therefore, stated on the contract. But it is of no consequence what the form of action is since in *Smith* agt. *Dinsmore* (9 *Daly*, 188) we held that in an action for conversion the thirty days' clause in the shipping receipt (which clause was identical with the one now before us) was available to the carrier, that the presentation of claim for loss within the time specified was a condition precedent to recovery, and that unless complied with, the action against the carrier could not be sustained. That case was decided upon another point, but the views expressed in the

opinion on the point directly involved in the present case are in conformity with the authorities (*U. S. Express Co.* agt. *Caldwell,* 21 *Wall.,* 264; *Weir* agt. *Adams Express Co.,* 5 *Phila.,* 355; *Southern Express Co.,* agt. *Hunnicutt,* 54 *Miss.,* 566; *Lewis* agt. *Great West. Ry. Co.,* 5 *Hurl. & N.,* 867).

The judgment should be affirmed, with costs.