GUSTAV HIRSHBERG *et al.*, Appellants, *against* WILLIAM B. DINSMORE, as President of Adams Express Company, Respondent.

(Decided May 22d, 1884.)

Under a condition, in a receipt given by an express company for goods delivered to them for transportation, that in no event shall the company be liable for any loss or damage unless the claim therefor shall be presented to them in writing within thirty days after the date of the receipt, the presentation of a claim for loss within the time specified is a condition precedent to a recovery in an action against the carrier for non-delivery of the goods.

APPEAL from a judgment of the District Court in the City of New York for the First Judicial District.

The action was for "damages for non-delivery of goods." The facts shown were: On November 4th, 1882, at Newark, N. J., one Mercy delivered to defendants' express company a package to be shipped to plaintiffs at New York, and received a receipt which contained the condition that in no event should the company be liable for any loss or damage unless the claim therefor should be presented to them in writing within thirty days after the date of the receipt in a statement to which the receipt should be annexed; that the package was not delivered to plaintiffs, but through error was delivered to some person unknown; that no claim whatever was made on the company within thirty days, but a claim was made some months afterward, at which time the delivery book of the company, which would show to whom the package had been delivered, had been lost.

*C. G. Moritz*, for appellants.

*Blatchford, Seward, Griswold & Da Costa*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—There was some discussion on the appeal as to whether this

action was for breach of contract of the carrier or for conversion; and whether, if for conversion, the carrier could avail himself of the condition in the contract providing that the claim for loss must be made within thirty days. The demand as stated in the return was for "damages for nondelivery of goods." · In *Magnin* v. *Dinsmore* (70 N. Y. 410, 417), it was said that a mere non-delivery will not constitute a conversion; and it would seem that the plaintiff's action is therefore stated on the contract. But it is of no consequence what the form of action is, since in *Smith* v. *Dinsmore* (9 Daly 188) we held that in an action for conversion the thirty day clause in the shipping receipt (which clause was identical with the one now before us) was available to the carrier; that the presentation of claim for loss within the time specified was a condition precedent to recovery, and unless complied with the action against the carrier could not be sustained. That case was decided upon another point, but the views expressed in the opinion on the point directly involved in the present case are in conformity with the authorities (*Express Co.* v. *Caldwell*, 21 Wall. 264; *Weir* v. *Adams Exp. Co.*, 55 Phila. 355; *Southern Exp. Co.* v. *Hunnicutt*, 54 Miss. 566; *Lewis* v. *Great Western R. Co.*, 5 Hurlst. & N. 876).

The judgment should be affirmed, with costs.

·LARREMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.