### KAISER *v.* HOEY.

*(City Court of New York, Trial Term.* June 22, 1888.)

CARRIERS OF GOODS—LIABILITY FOR LOSS—TIME OF PRESENTMENT OF CLAIM.

A stipulation inserted in a bill of lading issued by a common carrier, that it is not to be liable for loss unless the claim therefor shall be presented within 30 days, is valid, and binding on the parties, and, if not observed, bars the action.[1]

*(Syllabus by the Court.)*

On submission of a cause on an agreed statement of facts.

Action brought by Julius Kaiser against John Hoey as president of the Adams Express Company, which is a joint-stock association, and a common carrier of goods. On the 23d of December, 1887, at Shenandoah, Pa., the plaintiff's assignor delivered to the defendant certain goods which the company agreed to deliver to him at No. 44 Maiden lane, in the city of New York. By the terms of the bill of lading, delivered at the time, it is provided that "in no event shall the Adams Express Company be liable for any loss or damage unless the claim therefor shall be presented to them, in writing, at this (Shenandoah) office, within thirty days after this date, in a statement to which this receipt shall be annexed." It is conceded that the claim was not presented to the company as required by the provision just referred to, and the main defense is that such failure precludes the plaintiff from maintaining his action.

*Drachman & Nelson,* for plaintiff.    *Seward, Da Costa & Guthrie,* for defendant.

MCADAM, C. J. As the defendant is liable for the loss of goods intrusted to its care, it is not unreasonable to impose as a condition of recovery that

--------

[1] See note at end of case.

claims for losses must be made within a reasonable time, specified in the contract. Such a provision is in the nature of a condition precedent, is binding on the party who accepts such a contract, and precludes him from recovering without proof that the condition has been performed. Its purpose is to enable the company to search for the missing goods; finding them if it can, and either delivering them to the consignee, or redelivering them to the shipper; and, in case of failure to discover the goods, to place the responsibility for the loss where it properly belongs, that it may seek indemnity from the persons guilty of the wrong. Similiar provisions have been held binding on insurers having claims against insurance companies, (May, Ins. 583,) and there is fully as much propriety in applying the rule to common carriers. It was so applied in *Hirschberg* v. *Dinsmore,* 12 Daly, 429, and the case cited is conclusive against the plaintiff's right to recover. It is unnecessary to consider whether the contract ought to be interpreted according to the laws of Pennsylvania, for there is no proof that the laws of that state on the subject differ from our own; and the presumption is that the common law of both states are alike. *Waldron* v. *Ritchings,* 3 Daly, 288; *Stearns* v. *Railroad Co.,* 4 N. Y. St. Rep. 715. It follows that there must be judgment for the defendant.

NOTE.

COMMON CARRIERS—LIMITING LIABILITY. Common carriers may by contract limit their common-law liability when the limitation is one reasonable in character, Hart v. Railroad Co., 5 Sup. Ct. Rep. 151, 7 Fed. Rep. 630; The Bermuda, 29 Fed. Rep. 399, 27 Fed. Rep. 476; The New Orleans, 26 Fed. Rep. 44; The Lydian Monarch, 23 Fed. Rep. 298; Grogan v. Express Co., (Pa.) 7 Atl. Rep. 134; Sprague v. Railway Co., (Kan.) 8 Pac. Rep. 465; but a contract is invalid which seeks to relieve it of such liability for its negligence, or that of its servants, Railway Co. v. Harris, (Tex.) 2 S. W. Rep. 574; The Surrey, 26 Fed. Rep. 791; The New Orleans, Id. 44; Rintoul v. Railroad Co., 17 Fed. Rep. 905; May v. The Powhatan, 5 Fed. Rep. 375; Ormsby v. Railroad Co., 4 Fed. Rep. 706; Grogan v. Express Co., (Pa.) 7 Atl. Rep. 134; Rosenfeld v. Railway Co., (Ind.) 2 N. E. Rep. 344; Moulton v. Railway Co., (Minn.) 16 N. W. Rep. 497; Black v. Transportation Co., (Wis.) 13 N. W. Rep. 244; Sprague v. Railway Co., (Kan.) 8 Pac. Rep. 465; Mc-Fadden v. Railway Co., (Mo.) 4 S. W. Rep. 689; Railroad Co. v. Riordon, (Pa.) 13 Atl. Rep. 324; or of liability for any degree of such negligence, Ormsby v. Railroad Co., 4 Fed. Rep. 706; Marr v. Telegraph Co., (Tenn.) 3 S. W. Rep. 496.

A stipulation requiring the shipper to give notice of his claim for damages before removing the goods is void, Ormsby v. Railroad Co., 4 Fed. Rep. 706; Smither v. Railroad Co., (Tenn.) 6 S. W. Rep. 209; but such a stipulation was held reasonable in Sprague v. Railway Co., (Kan.) 8 Pac. Rep. 465.

A railroad company, receiving cattle for transportation as a common carrier, cannot limit its liability to injuries caused by "gross or wanton negligence," nor to that of a mere agent of the consignor in the matter of delivering the cattle to the next connecting road; such stipulations being contrary to public policy. Railroad Co. v. Thomas, (Ala.) 3 South. Rep. 802.

Where a railroad bill of lading contains a stipulation fixing the carrier's liability in case of total loss of the goods, such limitation being in consideration of a reduced rate of transportation, the higher rate being reasonable, and there being no imposition or undue advantage, such stipulation will be upheld, although the goods may have been destroyed in an accident caused by the carelessness of the carrier's servants. Railroad Co. v. Sherrod, (Ala.) 4 South. Rep. 29.