briefs of counsel.   The plaintiff is not without remedy.   He may apply for leave to enter judgment in the action against him, and thereafter seek leave to serve an amended or supplemental complaint in this action, as he may be advised.

The judgment must be reversed, and a new trial granted.   All concur.

(23 Misc. Rep. 356.)

### AMERICAN GROCERY CO. v. STATEN ISLAND R. T. R. CO.

(Supreme Court, Appellate Term.   April 27, 1898.)

CARRIERS—LIMITING LIABILITY—CLAIMS FOR DAMAGE.

A provision in a bill of lading of a local express company, that, unless claims for loss or damage are made within 30 days after delivery, the carrier shall not be liable in any event, is a reasonable and valid limitation of liability, and a consignor who delays his claim beyond that period has no cause of action against the company.

Appeal from First district court.

Action by the American Grocery Company against the Staten Island Rapid-Transit Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Lester W. Clark, for appellant.

Cromwell G. Macy, for respondent.

GIEGERICH, J.   This action was brought to recover the value of certain packages of liquors consigned by the plaintiff to one William Benz, at Ridgewood Hotel, Pleasant Plains, Staten Island, N. Y., and which the defendant, through error, delivered to a person other than the consignee.   The goods were delivered by the plaintiff to the defendant at the city of New York on the 15th day of January, 1897. The bill of lading, among other things, provides:

"Claims for loss or damage must be made in writing to the agent at the point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

It is conceded that no claim for the loss of the property was made until 60 days after the delivery thereof to the defendant.   The defendant contends that such stipulation was a condition precedent to its liability, and that, unless complied with, no recovery can be had.   Common carriers, may, by contract, limit their common-law liability, when the limitation is reasonable in its character.   Jennings v. Railway Co., 127 N. Y. 438, 451, 28 N. E. 394, and citations.   And a provision similar to the one under consideration has been held to be reasonable. Smith v. Dinsmore, 9 Daly, 188; Hirshberg v. Dinsmore, 12 Daly, 429; Kaiser v. Hoey (City Ct. N. Y.) 1 N. Y. Supp. 429; Lewis v. Railway Co., 5 Hurl. & N. 867; Express Co. v. Caldwell, 21 Wall. 264; Weir v. Express Co., 5 Phila. 355 (opinion by Sharswood, J.); Express Co. v. Hunnicutt, 54 Miss. 566; Black v. Railroad Co., 111 Ill. 351.   In the case of Lewis v. Railway Co., supra, the condition in the bill of lading was that no claim for deficiency, damages, or detention would be al-

lowed unless made within three days after the delivery of the goods, nor for loss unless made within seven days from the time they should have been delivered. This was held to be a reasonable condition. And in the case of Express Co. v. Caldwell, supra, Mr. Justice Strong, who delivered the opinion of the court, comments upon that case, and says that (page 270, 21 Wall.):

"The onus was imposed upon the shipper of ascertaining whether the goods had been delivered at the time they should have been, and, in case they had not, of making his claim within seven days thereafter."

The case at bar seems to come within the principles of the decisions above referred to, and, as the condition under examination was not complied with, the plaintiff has no right of action against the defendant. The judgment must therefore be reversed, and a new trial ordered in the municipal court in the district in which the action was brought, with costs to the appellant to abide the event. All concur.