(28 Misc. Rep. 165.)

## FALKENBERG v. ERIE R. CO.

(Supreme Court, Appellate Term.   June 28, 1899.)

CARRIERS OF GOODS—CLAIMS FOR DAMAGES—WAIVER.

> A clause in a bill of lading that claims for damage must be made in writing, and, if delayed for more than 30 days after delivery, the carrier shall not be liable, is waived where the station agent was verbally notified within the time prescribed, and he notified the carrier, and after the expiration of that time the freight claim agent, on having his attention called to the matter, wrote the claimant that he could find no record of the claim, and asked for certain papers in case a "regular" claim had not been presented, and expressed the company's willingness to make a prompt adjustment if it should be found liable.

Appeal from municipal court, borough of Manhattan, First district.

Action by Charles Falkenberg against the Erie Railroad Company. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Stetson, Jennings & Russell, for appellant.

Herman Joseph, for respondent.

FREEDMAN, P. J.   The plaintiff in this action ordered some paper boxes of the firm of Geo. Kemmett & Co., to be shipped from Jersey City to Spring Valley, N. J., the place of business of plaintiff.   The goods wei. oaded into a car belonging to the defendant, taken over its road, anu upon their arrival at Spring Valley the freight paid by the plaintiff.   Upon opening the car, it was found that it was wet; water was dripping into the car from the roof, and the boxes were damaged to such an extent as to be practically worthless.   The value of the goods was conceded to be the amount for which the plaintiff recovered a judgment in this action.   The question raised by the appellant, that the damage to the goods occurred after they were delivered to the plaintiff, was a question of fact, upon which there was a conflict of evidence, and there appears no good reason for disturbing the verdict of the jury upon that question.   The more important question urged for a reversal of the judgment is this:   At the time the goods were shipped at Jersey City the defendant gave to the consignors a receipt which contained these words:   "Claims for loss or damage must be made in writing to the agent at the point of delivery promptly after arrival of the property, and, if delayed for more than 30 days after delivery, or after the time for the delivery thereof, no carrier hereunder shall be liable in any event."   No claim in writing and signed by the plaintiff was made to the defendant within 30 days after the property in question was delivered to the consignee, and upon this fact the defendant bases its principal claim of error in the rendition of the judgment against it.   It appears from the testimony that at or about the time the car was opened at the point of delivery the plaintiff, upon ascertaining the condition of the boxes, went to Smith, the agent of the defendant at Spring Valley, and informed him of the condition of the goods, and asked what he (plaintiff) should do about it.   Smith said he would report the fact to the company.   A few days later, the

plaintiff again called upon Smith, and asked Smith what had been done in the matter, and whether he (plaintiff) should notify the company. Smith then showed the plaintiff a copy of a letter sent by him to the company, as follows: "Consignee, on opening car, claims car had leaked, and badly damaged the boxes." This was in May, 1898. No attention seems to have been paid by the company to this notification. Subsequently, and in September or October, 1898, the plaintiff received the receipt heretofore mentioned from Kemmett & Co., and his attorney thereupon wrote to the defendant, and received the following reply:

"Erie Railroad Company, Freight Claim Department, 26 Cortlandt St.

"New York, Nov. 3/98.

"Mr. Herman Joseph, # 287 Broadway, City—Dear Sir: Your letter of the 24th Oct., addressed to Manager Erie R. R. Co., Duane St., New York, relative to a claim which has been placed in your hands for collection by Mr. Chas. Falkenberg to the amount of $213.68, has been referred to me. I have examined our records, and fail to find any claim on our books to cover the matter. Therefore I am quite surprised that the matter should be presented to me in the manner in which it has been. If a claim has been presented to the company, I would be very glad if you would advise me on what date and to whom it was presented. In case a regular claim has not been presented, I would request that Mr. Falkenberg send me the original bill of lading, paid freight bill, and his bill for damages, showing how the amount is arrived at. Immediately upon its receipt, the matter will be given preferred attention, and a speedy investigation made, and, if found that we are responsible for the claim. a prompt adjustment will be made. This we cannot determine, however, without the necessary documents to enable us to make investigation.

"Yours, truly,        H. C. Barlow, Freight Claim Agent. a e p."

The action hereinbefore referred to of defendant's station agent at Spring Valley, together with the foregoing letter, which it was admitted upon the trial was signed by a representative of the company, sufficiently constitute a waiver of the requirement that "claims for loss or damages must be made in writing, * * * and, if delayed for more than 30 days," etc. The clause referred to is analogous to the provisions and limitations contained in the policies of many insurance companies requiring proofs of loss to be presented within a limited number of days, and in those cases it has frequently been held that the company may or may not take advantage of the breach, and claim a forfeiture, and that the intention to waive such requirement may be shown by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver may follow as a legal result. Iron Co. v. Eisner, 39 N. Y. Super. Ct. 200; Goodwin v. Insurance Co., 73 N. Y. 480; Titus v. Insurance Co., 81 N. Y. 419; Sergent v. Insurance Co., 155 N. Y. 349, 49 N. E. 935; Jennings v. Railway Co. (Sup.) 5 N. Y Supp. 140. In the case at bar it does not appear that prior to the time of the trial the defendant ever based its refusal to pay this claim upon the ground that plaintiff had not presented the same in writing. On the contrary, the letter of the defendant of November 3, 1898, refers to the fact that, so far as the defendant has knowledge, no claim of any kind was ever presented to the company, and asserts its entire willingness to make prompt adjustment of the loss if, upon investigation, it is found to be liable for it. The writer of the letter evidently had in view the requirements of

the shipping receipts in use by the defendant, as he says, "in case a regular claim has not been presented," etc., and the use of that language leads to the natural inference that a waiver of a "regular" or written claim was intended. The judgment should therefore be affirmed.

Judgment affirmed, with costs to the respondent. All concur.