(30 Misc. Rep. 421.)

### MARRUS v. NEW HAVEN STEAMBOAT CO.

(Supreme Court, Appellate Term. February 8, 1900.)

1. CARRIERS—MISDELIVERY OF GOODS—ESTOPPEL.
    Where plaintiff, in an action against a carrier for misdelivery of goods, had been prevented from filing a claim for the goods within 30 days by defendant's falsely informing him that the goods were still in its possession, and would be returned, defendant was estopped to plead a condition in the bill of lading that claims for loss must be made within 30 days after the delivery or after due time for delivery of the goods as a defense to the action.

2. SAME—BILL OF LADING—CONSTRUCTION.
    The omission of the word "order" after the name of the consignee in a bill of lading containing a provision that, in the absence of such word, the carrier might deliver without requiring the production of the bill of lading, did not exempt the carrier from liability for a misdelivery of the goods to a complete stranger.

    MacLean, J., dissenting.

Appeal from city court of New York, general term.

Action by Moses L. Marrus against the New Haven Steamboat Company. From a judgment dismissing the complaint (60 N. Y. Supp. 994), plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

S. Livingston Samuels, for appellant.
Alfred A. Gardner, for respondent.

LEVENTRITT, J. This is an action against a common carrier to recover for the misdelivery of goods. On the 17th day of March, 1897, the plaintiff, a wholesale clothier, sold to one Adelman a bill of goods, to be shipped to him to New Haven, Conn., and to be paid for on delivery. At the time of the transaction Adelman received an invoice. On the following day the goods were forwarded by the defendant company, consigned, however, by the plaintiff to himself, and packed in a case marked "M. L. Marrus, New Haven, Connecticut." On the 22d day of March the defendant sent a bill of lading to the plaintiff, who forthwith mailed it to a bank at New Haven, with instructions to deliver it to Adelman only on payment of a draft for the purchase price of the goods. The bank having returned the draft and bill of lading, owing to Adelman's failure to call therefor, the plaintiff, on the 17th day of April, made a demand on the defendant

for the case of goods. Its agent admitted that the goods were in its possession, and promised to return them within a few days, at the same time presenting to the plaintiff for signature a stipulation, introduced in evidence, to indemnify the defendant for any claims or expenses it might incur as a consequence of restoring the goods to his possession. Having received no advices, the plaintiff, on the 24th day of April, wrote to the defendant, threatening suit unless immediately informed of the whereabouts of his goods. On the 28th day of April the defendant replied that it had that morning been advised by its New Haven agent that the case in question had been delivered to "M. L. Marrus" against his receipt. It subsequently developed that the recipient of the goods was not M. L. Marrus, but Adelman, who had personated him, and who, exhibiting the invoice for the goods, succeeded in obtaining them without presentation of the bill of lading. The defendant, on the trial, conceded the misdelivery, but took refuge behind a provision printed on the back of the bill of lading reading as follows:

"Claims for loss or damage must be made in writing to the agent at point of delivery promptly after the arrival of the property, and, if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

There was admittedly no claim filed within the 30 days. Even if it be conceded that the words "loss or damage" in the clause quoted embrace misdelivery (American Grocery Co. v. Staten Island Rapid-Transit R. Co., 23 Misc. Rep. 356, 51 N. Y. Supp. 307; Smith v. Dinsmore, 9 Daly, 188; Hirshberg v. Dinsmore, 12 Daly, 429), the defendant is estopped from invoking its protection. Just prior to the expiration of the 30 days, the plaintiff, believing that the defendant still held his property, demanded its return. Instead of informing him that delivery had been made to another, the defendant confirmed his belief by asserting a continued possession, and making promise of speedy return. In effect, the plaintiff was informed that there was neither loss nor damage. It was not until 10 days after the expiration of the stipulated time for filing a claim that the defendant gave the plaintiff the first intimation of occasion for filing one. Under such circumstances it would be grossly inequitable to permit the defendant to take advantage of an omission which it had itself induced. After misleading the plaintiff, even though unintentionally, the defendant cannot claim immunity through the very acts which misled him. Where a party who may require the performance of certain conditions precedent to a right of recovery has, by his own acts, rendered performance impossible, the other party is relieved from the consequences of nonperformance. So here, the defendant retracting, only after the lapse of the 30 days, the representation that the case of goods was in its possession, and that, therefore, there was neither loss nor damage, is estopped from insisting on a compliance with the 30-day condition.

The question was also incidentally raised that the omission of the word "order" after the name of the consignee on the bill of lading authorized the defendant to deliver the property to Adelman, or in fact to any one, by virtue of a provision to the effect that, in the absence

476    **62 NEW YORK SUPPLEMENT**    (Sup. Ct.

and 96 New York State Reporter.

of that word, the carrier might, at its option, make delivery without requiring production or surrender of the bill of lading. The acceptance of this view would lead to the absurd conclusion that in the case of a nonnegotiable bill the carrier could, in utter disregard, or even defiance, of the ownership of the property, deliver it to the first stranger. The obvious purpose of this provision was to protect the carrier in a delivery to the consignee against any claim by a transferee of the bill of lading. It does not mean, nor would the law sanction as reasonable, any condition the effect of which would be complete exemption from the rigorous consequences of a misdelivery. There was no foundation in law for the dismissal of the complaint, and it follows that the judgment thereon rendered must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, J., concurring.

MacLEAN, J. (dissenting). In the bargain made by the parties, and evidenced in writing, under which the wares were shipped and their transportation was undertaken, the plaintiff forefended any liability on the part of the defendant for loss or damage not claimed within 30 days after due time for their delivery. Making no claim within that time, the shipper may not rightly recover for any loss or damage herein, for neither the city court nor this court may enlarge the undertaking of the other party to the bargain. I can find nothing in the case amounting to a statement by the defendant's agent, upon the occasion of the plaintiff's call at the company's office in New York on the 30th and last day, that the goods were in the defendant's possession in New Haven, or that any change was made in the contract, which, by its terms, could not be altered without the special notation of the agent thereon. Marrus made the mistake of taking out a nonnegotiable receipt, with his name as consignee in New Haven. This he sent to a bank in New Haven with instructions for delivery upon the payment to it of the amount of the invoice. Of course, and as was shown by the evidence, this was impracticable. The proper and usual method of accomplishing Marrus' purpose was pointed out upon the receipt which he took. Not having had the receipt made out to the order of the purchaser, and so insuring its delivery only upon the production of the receipt, and having neglected to make the claim within the time agreed upon, his complaint herein was properly dismissed by the trial court, and the judgment should be affirmed.