(40 Misc. Rep. 683.)

FRANKFURT et al. v. WEIR.

(Supreme Court, Appellate Term.   May, 1903.)

1. CARRIERS—LOSS OF GOODS—PRESENTING CLAIM—WAIVER.

The defense to an action against an express company for loss of goods delivered to it for carriage, that written claim was not presented within 30 days, as provided by the contract, is waived, the company having taken informal notice in that time, and never placed its refusal to pay on the ground that formal notice was filed too late, but offered to pay a certain sum.

2. SAME—ACTION FOR LOSS—PARTIES.

Where the transaction between a consignor and consignee amounts to a sale of goods in existence by which the title is transferred, action against the carrier for loss of the goods must be brought by the consignee.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Elias Frankfurt and others against Levi C. Weir, as president of the Adams Express Company.   From a judgment for plaintiff for $50 and costs, both parties appeal.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Thomas W. McKnight, for plaintiffs appellants.

Guthrie, Cravath & Henderson (Joseph E. Corrigan, of counsel), for defendant appellant.

FREEDMAN, P. J.   This action was brought to recover from the defendant, as president of the Adams Express Company, the sum of $142.50, the value of one of two packages delivered by the plaintiffs to the Adams Express Company, and to be transported by it to J. N. Barrel, at Ardmore, Ind. T., U. S. A.   The plaintiffs claim that one of said packages was never delivered.   The trial of the issues resulted in a judgment for the plaintiffs for $50, from which both parties appeal.

At the time of shipment the plaintiffs had in their possession a book of receipts of the defendant company.   One of these was filled out and signed by an employé of the defendant company, and retained by the plaintiffs.   It contained no special insurance, nor greater valuation of the property than the sum of $50, and provided that said sum should in any event constitute the limit of the liability of the company.   The receipt contained the identical clauses which were contained in the receipt discussed in the case of Bernstein v. Levi C. Weir, as president of the Adams Express Company, decided at present term of this court (40 Misc. Rep. 635, 83 N. Y. Supp. 48), and to which reference should be made for further particulars.   Under the decision of that case the receipt constituted a special contract, and under such contract the defendant in the present case has the right to insist that in no event is his liability to exceed the sum of $50.   The consequence is that, even if the plaintiffs prove their al-

¶ 2. See Carriers, vol. 9, Cent. Dig. §§ 265, 269.

leged cause of action, the judgment was properly rendered in their favor for only $50, and their appeal is without merit.

On defendant's appeal it is contended that the plaintiffs did not prove a cause of action (1) by failing to prove nondelivery, and (2) by failing to prove compliance with the 30-day clause of the contract. The plaintiffs were bound to prove, as part of their case, that the alleged missing package had not been delivered, and this should have been done by competent evidence. The only evidence offered upon this point is hearsay evidence, and there is nothing in the case upon which it can be held that the defendant is estopped from insisting upon competent proof. As to the 30-day clause, the contract provided as follows: "In no event shall the Adams Express Company be liable for any loss or damage unless the claim therefor shall be presented to them in writing within thirty days after this date in a statement to which this receipt shall be annexed." Such a provision is in the nature of a condition precedent, is binding on the party who accepts such a contract, and precludes him from recovering without proof that the condition has been performed. Kaiser v. Hoey, 16 N. Y. St. Rep. 803, 1 N. Y. Supp. 429; American Grocery Co. v. Staten Island Rapid T. R. R. Co., 23 Misc. Rep. 356, 51 N. Y. Supp. 307; Hirshberg v. Dinsmore, 12 Daly, 429. But this defense may be waived by the carrier. In the case at bar four months elapsed before the plaintiffs formally complied with the requirements of the 30-day clause; but the company took informal notice in the meantime, and, as may be inferred from certain parts of the testimony, within 30 days, and it never placed its refusal to pay upon the ground that the formal notice had been filed too late, but, on the contrary, offered to pay the sum of $50 before suit brought. Upon this point, therefore, the case comes within the rule laid down in Falkenberg v. Erie R. R. Co., 28 Misc. Rep. 165, 59 N. Y. Supp. 44, and hence it is not necessary to consider whether, in order to be available, the defense attempted to be based upon the 30-day clause should be pleaded.

The defendant also contended below, and still contends, that the plaintiffs had no title to the goods, and that the action should have been brought by the consignee. Upon this contention the question is whether the transaction between the consignors and the consignee amounted to a sale of goods in existence by which the title was transferred. In case of such a sale and transfer of title, the rule is that the action for the loss or injury of the goods must be brought by the consignee. Levy v. Weir, 38 Misc. Rep. 361, 77 N. Y. Supp. 917, and cases there cited. Upon this point the proof, as given at the trial, although meager, brings the case within the rule as stated. The judgment should be reversed, and a new trial ordered, with costs to the defendant to abide the event.

Judgment reversed, and new trial ordered, with costs to defendant to abide event. All concur.